# RIO GRANDE IRRIGATION AND COLONIZATION COMPANY *v.* GILDERSLEEVE.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 254. Argued April 20, 21, 1899.—Decided May 15, 1899.

When a defendant, who has been duly served with process, causes an appearance to be entered on his behalf by a qualified attorney, and the attorney subsequently withdraws his appearance, but without first obtaining leave of court, the record is left in a condition in which a judgment by default for want of an appearance can be validly entered.

THIS was action of assumpsit begun in the district court for Bernalillo County, Territory of New Mexico, on the 17th day of July, 1894, by Charles H. Gildersleeve against the Rio Grande Irrigation Company. The declaration is in the ordinary form, containing a special count upon a promissory note for the sum of $50,760, dated June 30, 1890, bearing interest at the rate of twelve per cent, and containing also the common counts in assumpsit. The note sued on was payable to P. R. Smith and indorsed by him and defendant in error, and a copy thereof was filed with the declaration, and also a copy

of a resolution of the directors of defendant authorizing the giving of a note, not to P. R. Smith, but to the Second National Bank of New Mexico. Upon this declaration process was issued, service of which was made upon J. Francisco Chavez, a director and stockholder of plaintiff in error. Process was returnable on the first Monday of August, 1894, under the provision of the practice act of 1891, and on the 3d day of August, 1894, defendant below entered its appearance by H. L. Pickett, its attorney. On the 15th day of September, 1894, the plaintiff filed in the office of the clerk of the district court a letter from Mr. H. L. Pickett, addressed to plaintiff's attorneys, in which the writer states that he withdraws the appearance at the request of Colonel P. R. Smith (who is the original payee of the note sued on). Thereupon the clerk of the district court made and filed a certificate of non-appearance, and on the same day a judgment was entered, based upon the said certificate, which judgment is for the sum of $76,393.80.

Afterward, and on the 15th day of November, 1894, during the next term of the district court after the judgment had been entered in vacation, the defendant below filed a motion to vacate the judgment for defects and irregularities apparent on the face of the record. This motion was not heard until the 6th of September, 1895, when it was denied by the court; and on the 9th day of September, 1895, defendant below filed a second motion to vacate the judgment for reasons set forth in the accompanying affidavit filed therewith, and also filed at the same time its proposed pleas verified by oath. The affidavit with said motion shows, in substance, that the plaintiff below received from defendant below, in the summer of 1889, 50,000 shares of its capital stock and the sum of $1,510,000 in its first mortgage bonds, for the purpose of purchasing certain property in New Mexico for said company. It further appears from said affidavit that the plaintiff below did purchase a portion of the property in New Mexico and turned back to the company a portion of the bonds and stock in lieu of the property which he did not purchase, and retained the remainder of the bonds and stock as his own property, but induced

the company to assist him in raising the money necessary to make final payment for the Vallecito grant by executing a promissory note for $47,000, the note in the present case having been subsequently given in renewal of the first note. In other words, it is shown that the indebtedness was that of the plaintiff below and not of the company; that the company never received any money on said note nor any benefit therefrom, but was merely an accommodation maker to assist the plaintiff below in carrying out his contract with the company. At the time of the execution of said note for $47,000 the plaintiff below agreed to deposit as collateral security thereto $120,000 of bonds of the company, and it is further shown by said affidavit that the said collateral has never been accounted for in any manner. The district court entered judgment denying the motion.

The defendant company sued out a writ of error to review the case in the Supreme Court of the Territory, where the judgment of the district court was affirmed. The case was then brought to this court by writ of error, and afterwards an appeal was taken, the case thus appearing twice on the docket of this court as Nos. 163 and 254.

*Mr. F. W. Clancy* for appellant.

*Mr. J. H. McGowan* for appellee. *Mr. H. L. Warren* was on his brief.

MR. JUSTICE SHIRAS, after making the above statement, delivered the opinion of the court.

It is conceded that the Rio Grande Irrigation and Colonization Company was duly served with process, and that an appearance was entered on its behalf by H. L. Pickett, a qualified attorney. The essential question in the case is whether the subsequent withdrawal of his appearance by the attorney, without leave of the court, left the record in a condition in which a judgment by default for want of an appearance could be validly entered.

Cases are cited by the appellant's counsel in which it has been held that the appearance of a defendant, once regularly entered, cannot be withdrawn without leave of the court. *United States* v. *Curry,* 6 How. 106, 111; *Dana* v. *Adams,* 13 Illinois, 691.

But an examination of those cases discloses that this is a rule designed for the benefit and protection of the plaintiff. Usually the question has arisen where there had been no service of process on the defendant, and where, therefore, a withdrawal of appearance by the attorney would leave the plaintiff without ability to proceed by defaulting the defendant for want of an appearance. It was said by this court in *Creighton* v. *Kerr,* 20 Wall. 8, 13: "The appearance gives rights and benefits in the conduct of a suit, to destroy which by a withdrawal would work great injustice to the other parties."

*United States* v. *Curry, supra,* was a suit in equity which had passed to a final decree, and the defendant, desiring to appeal, issued a citation to the complainant, which citation was served on the person who had been attorney of record during the trial of the suit. The attorney subsequently by affidavit stated that he was not the attorney of the appellee at the time the citation was served on him; that he had been discharged from all duty as attorney, and had so informed the marshal at the time of the same. The validity of the appeal was therefore attacked on the ground that there had been no proper service of the citation. This court said:

"The citation is undoubtedly good and according to the established practice in courts of chancery. No attorney or solicitor can withdraw his name after he has once entered it on the record without the leave of the court. And while his name continues there the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself. And we presume that no court would permit an attorney who had appeared at the trial, with the sanction of the party, express or implied, to withdraw his name after the case was finally decided. For if that could be done, it would be im-

possible to serve the citation where the party resided in a distant country or his place of residence was unknown, and would in every case occasion unnecessary expense and difficulty, unless he lived at the place where the court was held. And, so far from permitting an attorney to embarrass and impede the administration of justice by withdrawing his name after trial and final decree, we think the court should regard any attempt to do so as open to just rebuke."

*Sloan* v. *Wittbank*, 12 Indiana, 444, was a suit on a promissory note, and to which the defendant appeared. He then withdrew his appearance and the case went to trial, and resulted in a judgment in favor of the plaintiff. On error, the Supreme Court of Indiana held that the withdrawal of appearance carried with it the answer, and the court should then have entered judgment as by default, instead of going to trial, but that this was a mere irregularity which could not injure the defendant, and could not be taken advantage of on appeal.

So it was held by the Supreme Judicial Court of Massachusetts, that it was no ground for reversing a judgment rendered on the default of the defendant, after he had appeared and then withdrawn his appearance, that the date of the writ was a year earlier than the fact. *Fay* v. *Hayden*, 7 Gray, 41.

A case, indeed, might arise of collusion between the plaintiff and the attorney of the defendant, but in such case the court, on due and prompt application to it, would no doubt defeat any attempt on the part of the plaintiff to take advantage of a corrupt dereliction of duty on the part of the defendant's attorney. But it is not pretended, in the present case, that there was any collusion practised between the plaintiff and the defendant's attorney, nor that the latter, either in entering or withdrawing defendant's appearance, acted without authority or by mistake.

It is, however, strenuously contended that the record does not show that the defendant below ever attempted to withdraw its appearance, and that hence the judgment by default for want of an appearance had no basis. By this is meant that the letter of Pickett, the attorney, cannot be regarded as part of the record.

We agree, however, with the Supreme Court of the Territory, that this letter, which constituted the withdrawal of appearance, was sufficiently brought into the record by the defendant's bill of exceptions, in which it is set forth at length, and wherein it is averred that said paper, signed by Pickett, was filed by plaintiff in said cause. The mere fact that a paper is found among the files in a cause does not of itself make it a part of the record. But it may be put into the record by a bill of exceptions, or something which is equivalent; so, at least, to enable the Supreme Court of the Territory to deal with it as part of the record. *England* v. *Gebhardt*, 112 U. S. 502.

It is not claimed that this court, upon this record, can look into the merits of the case. The only matter for our consideration is whether the Supreme Court of the Territory erred in affirming the judgment of the trial court denying the defendant's motion to vacate the judgment entered in default of an appearance.

The judgment by default was entered on September 15, 1894, in vacation, and on November 15, 1894, and during the next succeeding term, a motion was made on behalf of the defendant company to vacate the judgment. This motion was, on September 5, 1895, denied; and on September 9, 1895, another motion, accompanied with an affidavit of a defence on the merits, was filed, and this motion was likewise denied.

There is a rule prescribed by the Supreme Court of the Territory, in the following terms:

"No motion to set aside any finding or judgment rendered in vacation shall be entertained, unless it shall be filed and a copy thereof served upon the opposite party within ten days after the entry of such finding or judgment."

As no discretionary power was reserved to the trial judge, he could not dispense with this rule of court. As was said in *Thompson* v. *Hatch*, 3 Pick. 512:

"A rule of the court thus authorized and made has the force of law, and is binding upon the court as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. . . . The courts may

rescind or repeal their rules, without doubt; or, in establishing them, may reserve the exercise of discretion for particular cases. But the rule once made without any such qualification must be applied to all cases which come within it, until it is repealed by the authority which made it."

However, the Supreme Court of the Territory did not consider it necessary to determine whether the trial court could have set aside the judgment on an application filed after the ten days had expired, if a diligent effort and a showing of merit had been made, but held that there was such an apparent lack of diligence in this case that the trial court properly refused to set the judgment aside.

A motion, even if made within the time prescribed by the rule, to set aside a judgment, is addressed to the discretion of the trial court, and where the exercise of that discretion has been approved by the Supreme Court of the Territory, we should not feel disposed to overrule those courts, unless misuse or abuse of discretionary power plainly appeared; and we cannot say that this is such a case.

Even if we could regard this not as a mere application under the rule to vacate a judgment, but as a proceeding of an equitable character outside of the rule, we should be compelled to reach the same conclusion. In *Bronson* v. *Schulten,* 104 U. S. 410, 417, it was said:

"The question relates to the power of the courts, and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate and modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a State or the practice of its courts.

" We are also of opinion that the general current of authority in the courts of this country fixes the line beyond which they cannot go in setting aside their final judgments and decrees, on motion made after the term at which they were rendered, far within the case made out here. If it is an equitable power supposed to be here exercised, we have shown that a court of equity, on the most formal proceeding, taken in due time, could

not, according to its established principles, have granted the relief which was given in this case. It is also one of the principles of equity most frequently relied upon that the party seeking relief in a case like this must use due diligence in asserting his rights, and that negligence and laches in that regard are equally effectual bars to relief."

The judgment of the Supreme Court of the Territory, affirming that of the district court, is

*Affirmed.*

---

In the case of THE RIO GRANDE IRRIGATION AND COLONIZATION COMPANY, Plaintiff in Error, *v.* CHARLES H. GILDERSLEEVE, No. 163, October term, 1898, the writ of error is

*Dismissed.*