# DISTRICT OF COLUMBIA

*v.*

## ROTH.

APPELLATE PRACTICE; TIME FOR FILING TRANSCRIPT OF RECORD; RULES OF COURT.

1. Under Rule XV of this court requiring an appellant to file a transcript of the record in this court within forty days from the time of the appeal entered and perfected in the court below, unless such time be extended by that court, the forty days, in case of an appeal by the District of Columbia, begins to run from the day that the appeal is entered and not from the day of the approval of the appeal bond as in ordinary cases, as the District of Columbia is not required under the law to give an appeal bond for costs or to stay execution.

2. An order of the lower court extending the time within which to file a transcript of the record on appeal to this court, passed after the expiration of the forty days within which such transcript must be filed under Rule XV of this court, is erroneous, and an appeal docketed in this court under such circumstances will be dismissed.

3. Where an order of the court below extending the time for the filing of the transcript in this court in the case of an appeal by the District of Columbia was not applied for and obtained until after the expiration of the forty days within which a transcript of the record must be filed in this court, such failure will not be excused by the fact that it was due to an oversight on the part of an assistant to the attorney for the appellant, who had been directed to procure such order within the prescribed time, but had neglected to do so, and such an appeal will be dismissed.

4. The rules of this court regulating the matter of appeals and the preparation of the same for hearing have the force of law and are binding upon the court and suitors and those who represent suitors, and cannot be dispensed with by the court to meet the apparent hardship of any particular case, in the absence of fraud.

5. An appellee, to defeat an appeal, would not be allowed to set up a rule of this court requiring a transcript of the record on appeal to be filed in this court within a prescribed time, where the filing of the

transcript within such time was prevented by the fraud or contrivance of the opposite party, or by the contumacy of the clerk, without any want of diligence on the part of the appellant.

.No. 1090. Submitted June 18, 1901. Decided October 11, 1901.

HEARING on a motion by the appellant to vacate an order dismissing an appeal. *Denied.*

The facts are stated in the opinion.

*Mr. A. B. Duvall,* attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* assistant attorney, for the motion.

*Mr. Charles A. Douglass, Mr. A. E. Leckie,* and *Mr. Levi H. David,* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

On the 4th of May last there was a motion filed to dismiss the appeal brought into this court, upon the ground that the transcript had not been filed in due time as required by rule XV of this court. The motion was resisted by the appellant, and briefs were filed on both sides. Shortly before the close of the session of the last term of the court, we took up the matter of the motion to dismiss, and, upon the facts disclosed, we concluded that the motion to dismiss was well founded, and that we could not do otherwise than dismiss the appeal; and it was so ordered.

Shortly afterwards, and just before the close of the session, there was filed by the appellant a motion to have the order of dismissal vacated, and that the appeal be placed upon the calendar to be argued in regular course. And in support of, and also against, this latter motion, affidavits were filed by the respective parties. We have examined the facts, but discover no sufficient ground for a change of our former conclusion, and, therefore, the motion to vacate must be denied.

We deem it proper, however, in view of the practical im-

portance of the question, and the earnestness with which the matter is pressed by counsel for the appellant, to state briefly the grounds of our opinion.

The facts are few and do not seem to be seriously disputed. It appears that the judgment was rendered on January 18, 1901, and the appeal to this court was entered on January 28, 1901. The bill of exceptions, however, was not settled and signed by the justice who tried the cause until April 1, 1901; and the transcript of the record was not filed in this court until April 24, 1901.

By rule XV of this court it was made the duty of the appellant "*within forty days from the time of the appeal entered and perfected in the court below* (unless such time for special and sufficient cause be extended by the court below, or the judge thereof by whom the judgment, decree, or order may have been rendered, such time to be definite and fixed), to produce and file with the clerk of this court, a transcript of the record of such cause." The District of Columbia, the appellant in this cause, not being required to give bond for costs or to stay execution, the appeal was perfected by the entry of the appeal; and the forty days allowed for producing and filing the transcript in this court commenced to run from the day that such appeal was entered, unless such period of forty days was extended by order of the judge below, as provided by the rule of court. That is the settled construction of the rule. In this case, as it appears, an application was made, after the bill of exceptions was signed and filed, and after the forty days had expired, for an order, and an order was procured, for the allowance of an additional period of thirty days for filing the transcript, dating from April 3, 1901, the date of the order. This was clearly too late. The application for and obtaining the order for the extension of the time prescribed by the rule should be made *within* the period of forty days, otherwise it is not an extension of a current period, but the prescribing of a new and additional period; and if that can be done after the expiration of the first period of forty days, it may be done at any time, no matter how long after such expiration, and

there would be in reality no limit to the time within which a transcript could be filed,— that right being made to depend entirely upon the indulgence of the judge below. This is clearly not the intention of the rule.

In the affidavit of counsel filed by the appellant in support of the motion to vacate the order of dismissal, it is stated " that affiant gave direction to one of his assistants to procure an order on March 30th, for the extension of time for filing transcript in the Court of Appeals, but for some reason such order was not obtained. Whereupon affiant's attention being called to the matter, he procured the order extending the time to file the transcript on April 3, 1901, three days after the time allowed by the rules for filing the transcript." But the reasons assigned in this affidavit for the oversight in regard to the order clearly do not relieve the case of the difficulty. It is manifest that the rules of this court designed to regulate the prosecution of appeals to it, have not been observed. The rules of court for the regulation of its practice and the orderly transaction of business therein are indispensable; and all courts of record have an inherent power to make such rules. But with respect to this court, as to the matter of regulating the prosecution of appeals thereto, the act of Congress of July 30, 1894, expressly provides that this court " shall make such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court." And further, by such rules, " to regulate all matters relating to appeals, whether in the court below or in said Court of Appeals." In pursuance of the power thus given, rules have been adopted by this court to regulate the matter of taking appeals and preparing the same for hearing, as shown by rules X to XVI, inclusive, and rule XV regulates the matter of the present controversy.

These rules would be but of varying force, and of little value either to the court or suitors, and consequently very imperfect regulations of the subject, if their limitations and provisions could be dispensed with upon any and all occasions when circumstances might show a possible hardship to

the party who had failed to observe the requirements of the rules, whether such failure be occasioned by mistake, oversight, or otherwise. But these rules, so long as they remain unrescinded, cannot be dispensed with by the court to meet the apparent hardship of any particular case, in the absence of fraud. They have the force of law, and are binding upon the court, and upon the suitors and those who represent suitors. This is the principle that prevails generally in the courts of the country. The case of *Thompson* v. *Hatch,* 3 Pick. 512, is a leading case upon this subject. There, a rule of the Court of Common Pleas provided that a plea in abatement " may be filed at any time during the first four days of the return term, and not afterwards." A plea in abatement, in consequence of misinformation from a judge of the Court of Common Pleas, was not offered until the fifth day of the term, and was then, by leave of the judge, filed as of the fourth day. This ruling was taken to the Supreme Court of the Commonwealth by appeal, and that court, in reviewing the ruling of the court below, said : " But a rule of the court thus authorized and made, has the force of law, and is binding upon the court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. In the case before us, the plea was allowed to be filed on the fifth day of the term, although the rule allows but four days for the purpose. The circumstances were such as would justify that order of the court, if it had had power to pass it; but we are satisfied that no one judge of the Court of Common Pleas, or of this court, has authority to dispense with rules deliberately made and promulgated, on account of the hardship of any particular case, any more than he would have authority to dispense with any requisition of the legislature itself. The courts may rescind or repeal their rules without doubt, or in establishing them may reserve the exercise of discretion for particular cases. But the rule once made without any such' qualification must be applied to all cases which come within it, until it is repealed by the authority which made it."

That case has been repeatedly affirmed in subsequent

cases by the same learned court,— as in the case of *Tripp* v. *Brownell,* 2 Gray, 402, and *Baker* v. *Blood,* 128 Mass. 545. The same principle has been sanctioned and followed in a large number of the highest State courts of the country, as shown by reported cases. *Wall* v. *Wall,* 2 Har. & G. 79; *Hughes* v. *Jackson,* 12 Md. 450; *Ogden* v. *Robertson,* 15 N. J. L. 124; *Owens* v. *Ranstead,* 22 Ill. 161; *Magnuson* v. *Billings,* 152 Ind. 177; *Walker* v. *Ducros,* 18 La. Ann. 703; *State* v. *O'Day,* 68 Iowa, 213; *Maberry* v. *Morse,* 43 Me. 176; *State* v. *Edwards,* 110 N. C. 511; *Maultsby* v. *Carty,* 11 Humph. 361.

The same principle has been fully adopted and applied by the Supreme Court of the United States, in the recent case of *Rio Grande Irrigation and Colonization Co.* v. *Gildersleeve,* 174 U. S. 603, 608. That was an appeal from the Supreme Court of the Territory of New Mexico, and the only question presented to the Supreme Court of the United States was, whether the Supreme Court of the territory erred in affirming the judgment of the trial court denying the defendant's motion to vacate a judgment entered in default of an appearance. The judgment by default was entered in vacation of the court, and during the next succeeding term, a motion was made on behalf of the defendant company to vacate the judgment. This motion was denied, and a few days thereafter, another motion, accompanied with an affidavit of defense on the merits, was filed, and this motion was likewise denied. The rule of the court below applicable to the case provided as follows:

" No motion to set aside any finding or judgment rendered in vacation shall be entertained, unless it shall be filed and a copy thereof served upon the opposite party within ten days after the entry of such finding or judgment." The motion to vacate was not filed until after the lapse of about two months; and this was held to be too late. The Supreme Court of the United States, in affirming the ruling of the Supreme Court of the Territory, said, that as no discretionary power was reserved to the trial judge, he could not dispense

with the rule of court; and then proceeded to cite with approval the case of *Thompson* v. *Hatch, supra,* to which we have referred, and to quote therefrom the passage that we have hereinbefore quoted. That case, in the Supreme Court, fully decides that there is no power either in the trial or appellate court to dispense with the rule of court, unless the power to do so be expressly reserved in the rule itself, or in the statute which authorized the making and promulgation of such rule; that a rule of court duly made and published has the force of law, and is binding upon the court as well as upon the parties to the action, and, therefore, cannot be dispensed with to suit the circumstances of any particular case.

Doubtless, however, where the filing of the transcript within the time prescribed has been prevented by the fraud or contrivance of the opposite party, or by the contumacy of the clerk, without any want of diligence on the part of the appellant, in such case, the court would not allow the rule to be set up and availed of by the appellee to defeat the right of appeal. But there is no pretense of any such cause of delay in this case. The rule, therefore, must be applied to this as to all other cases within the rule; and it follows that the motion to vacate the order of dismissal must be denied; and it is so ordered.

*Motion to vacate the order to dismiss appeal denied.*