## STROHBAR v. DWINNELL.

Circuit Court of Appeals, Fifth Circuit. January 7, 1929.

Rehearing Denied January 28, 1929.

No. 5421.

K. I. McKay, R. W. Withers, M. B. Withers, and Maynard Ramsey, all of Tampa, Fla. (Wm. Hunter, of Tampa, Fla., on the brief), for appellant.

E. G. Grimes and Alvan B. Rowe, both of Palmetto, Fla., for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge. On August 25, 1927, appellant, the bankrupt, applied for his discharge. The court fixed October 4, 1927, as the return day for the filing of oppositions. On September 29th, appellee, the trustee, filed specifications of opposition to the discharge. Under a standing rule of court, the case was referred to the referee for a hearing. Under the said rule the trustee had 30 days to take his testimony, but did not do so. On June 26, 1928, appellant moved to strike the opposition and for a discharge. The court denied the motion and granted appellee 20 days' additional time in which to take his evidence. From that order this appeal is prosecuted.

It is evident that the rule fixing the time in which the parties are to take their evidence is merely directory, and it was within the province of the District Court to so construe it. Furthermore, it is fundamental that federal courts, in common with other courts, have inherent power to do all things that are reasonably necessary for the administration of justice, within the scope of their jurisdiction. 7 R. C. L. par. 62. "It is always in the power of the court to suspend its own rules, or to except a particular case from its operation, whenever the purposes of justice require it." U. S. v. Breitling, 20 How. 252, 15 L. Ed. 900. The reason for the delay in taking evidence is not shown, but we must assume that it was sufficient to justify the court in granting the extension, in the exercise of sound discretion.

Affirmed.