## In re ROGERS PYATT SHELLAC CO.

District Court, S. D. New York.
May 8, 1930.

Alexander & Green, of New York City (James H. McIntosh and Edward W. Bourne, both of New York City, of counsel), for Creditors' Committee.

Bonynge & Barker, of New York City (Paul Bonynge and Daniel A. Dorsey, both of New York City, of counsel), for Graham, McMahon, Buell & Knox.

FRANK J. COLEMAN, District Judge.

The receiver was appointed on January 4, 1929, and on January 5th on his ex parte petition the court made an order authorizing him to employ the firm of Graham, McMahon, Buell & Knox as his attorneys. The receiver, having administered the estate, accounted and was discharged on October 12, 1929, and in the interim the attorneys performed certain services the value of which is disputed. A committee of creditors on various grounds opposes the allowance of any compensation.

▮ It is urged that all compensation for these attorneys is barred by rule 4 of the Bankruptcy Rules of this court. This rule, which has the force and effect of a statute, read as follows during the period here involved:

"No receiver or trustee in bankruptcy shall employ an attorney, accountant or investigator except on the order of this Court to be made by a Judge thereof and not by a Referee. Such order shall be granted only upon the petition of the Receiver or Trustee setting forth the name of the attorney, accountant or investigator whom he wishes to employ, the reasons for the selection of such attorney, accountant or investigator and the necessity of employing any attorney, accountant or investigator.

"No attorney for any of the petitioning creditors nor any attorney shall be appointed attorney for the Receiver or Trustee, nor receive any compensation for professional services rendered to such Receiver or Trustee unless such attorney, before his appointment, shall make and file his affidavit that he did not become attorney for any of said petitioning creditors, or any creditor, nor become attorney in any other capacity in the proceeding, at the suggestion or through the influence, direct or indirect, exercised in any form or guise, of any of the bankrupts—bankrupts in this instance including officers, directors and stockholders of bankrupt corporations—save and except, for good cause shown by such attorney's affidavit, the Court may notwithstanding allow the Receiver or Trustee to retain as his attorney, the attorney for the petitioning creditors."

An analysis of the second paragraph of the rule shows that it prohibits the appointment of any one as attorney for the receiver unless he file an affidavit that he did not become the attorney for a petitioning creditor or any other creditor through the influence of the bankrupt or in the case of a corporate bankrupt through the influence of any of its officers, directors, or stockholders; except that the court may for good cause shown authorize the appointment of the attorney for the petitioning creditors. It should be noted that the rule requires: (1) That an affidavit be made and filed by the attorney for the receiver; (2) that it be filed before his appointment; (3) that it allege that he did not become the attorney of any creditor nor an attorney in any other capacity in the proceeding at the request of any officer, director, or stockholder of a bankrupt corporation; (4) that if the court permit the attorney for the petitioning creditor to become the attorney for the receiver, this discretion be exercised only for good cause shown by the affidavit so filed; and (5) that no compensation be paid for services actually rendered unless the affidavit so filed be in accordance with the provisions of the rule. These requirements are express and specific, and I can see no intimation that an individual judge is vested with authority to dispense with any one of them. There is a definiteness amounting almost to rigidity which seems to indicate that the framers of the rule meant to insist on adherence to its detailed provisions, and that they intended no flexibility in its application. Under the circumstances, I believe that I am vested with no discretion, but must deny this motion for an allowance if the attorneys have not complied with the rule.

▮ It is undisputed that the firm of Graham, McMahon, Buell & Knox were the attorneys for the three petitioning creditors, two of whom were directors and stockholders of the bankrupt corporation. Furthermore, the firm represented the James W. Byrnes Shel-

lac Company, Inc., a competitor of the bankrupt and a corporation of which the president was one of the petitioning creditors in the present proceeding.

These facts were not disclosed in any affidavit made by any one of the attorneys for the receiver before their appointment. On the application of the receiver for leave to retain them, one of the firm filed an affidavit in general terms stating that the firm did not represent the bankrupt, was in no way connected with it, and represented no interests adverse to the receiver. No one of the facts showing that the attorneys represented possible adverse interests was made a matter of record until long after their appointment, except the fact that they represented the petitioning creditors which was not mentioned in their qualifying affidavit, but which appeared from their previous motion for the appointment of a receiver. The fact that two of the petitioning creditors were directors and stockholders of the bankrupt corporation in no place appeared. It is contended by the attorneys that some of these facts were stated to me orally when application was made for the appointment of a receiver when no question could have arisen as to the propriety of their appointment as attorneys for the receiver. My recollection of the disclosures made on that occasion I have stated in the memorandum filed by me on November 4, 1929, when the matter was fresher in my mind than it is now. It should be borne in mind that whatever was stated to me had no reference to the propriety of the retention of this firm as attorneys for the receiver, because in the first place the receiver had not accepted and had given no intimation that he desired them as attorneys, and, in the second place, they were at that time entirely unacquainted with the requirements of rule 4, and in making such disclosures as they may have made, could not have intended to comply with the rule. On the following day when the order authorizing the receiver to retain them was signed, nothing was said to me, so that neither in the papers before me nor in my own mind was presented this question of the propriety of their employment.

Almost two months after their appointment as attorneys for the receiver, they learned of the requirements of rule 4 and had the receiver make an ex parte application for leave to file an additional affidavit of one of the attorneys. The petition of the receiver did not state the purpose for which he desired the attorneys' affidavit to be filed, but

did mention negotiations for the sale of the assets of the bankrupt to a group of its creditors. Annexed to the petition was the attorneys' affidavit which stated the fact that two of the petitioning creditors were stockholders and directors of the bankrupt corporation and quoted rule 4. The order which was applied for and which was signed in no way indicated that any question of the propriety of the attorneys' retention was presented, and it merely provided that the affidavit of the attorney be filed. I have already held in the above-mentioned memorandum filed November 4, 1929, that the order did not effect a confirmation of the retention of the attorneys. It had no effect whatever except to direct the clerk to file the new affidavit of the attorney, and it involved no adjudication of the propriety of the employment.

Considering all the circumstances, I must hold that the attorneys did not comply with rule 4. In the first place, as attorneys for the petitioning creditors, they were barred from acting as attorneys for the receiver unless the court decided, from facts proved by their affidavit filed before their appointment, that their retention was proper notwithstanding their relationship to the petitioning creditors. The affidavit which they filed before their appointment contained no mention of the fact that they were attorneys for the petitioning creditor, though that fact appeared from their previous motion for the appointment of a receiver; but their affidavit set forth no reason why the bar against their acting as attorneys for the receiver should be lifted by the court notwithstanding their relationship to the petitioning creditors. Certainly it was not alleged, as required by the rule, that their retention by the petitioning creditors had not been influenced by a director or stockholder of the bankrupt.

In the second place, they did become the attorneys for the petitioning creditors at the instance of directors and stockholders of the bankrupt corporation because two of the petitioning creditors themselves were such. This not only was not stated in any affidavit, but in itself absolutely disqualified them from becoming attorneys for the receiver because of the express provisions of the rule. As I construe the rule, the fact that an attorney for a petitioning creditor has become such at the instance of a director or stockholder interposes a bar to his becoming attorney for the receiver which the court cannot lift. If.

however, this construction be erroneous, the rule certainly requires that the facts constituting the reason for removing the bar be sworn to by the attorney and placed on record before his appointment.

The fact that services have actually been rendered as attorneys for the receiver does not permit the making of an allowance because of the express provision of the rule to the contrary. The framers apparently foresaw a situation such as this where attorneys for a receiver were improperly and invalidly appointed, and the express provision was included that they should receive no compensation. This may entail great hardship, but I have been given no discretion to obviate it.

It is urged that the committee of creditors have waived and are estopped to raise at this time the question that the attorneys were improperly appointed because they knew of the defect within a few weeks after the appointment, and not only failed to raise any objection, but continued to deal with the attorneys as though they were lawfully appointed. I do not believe the objection could be waived, but on the contrary think that it would be the duty of the court of its own motion to raise it if its attention was called to it. The purpose of the rule was to protect the court and its receiver as well as the creditors by requiring certain facts to be sworn to and placed on record in the selection of an attorney for an officer of the court, and its provisions are mandatory.

The present motion includes an application for a nunc pro tunc order authorizing the retention of the attorneys and ratifying the original order for their appointment. Without considering the merits of that application nor the equities in favor of the attorneys, I feel constrained to deny it because of the express provision of the rule that the attorneys' qualifying affidavit must be filed before his appointment. The applicants have long since ceased to act as the attorneys for the receiver and to permit at this time an adjudication of their qualification would be in direct contravention of the rule, which required such adjudication before the appointment. The use of the words "nunc pro tunc" would in no way lessen the violation.

Accordingly, the attorneys' motion for an allowance is denied, and the motion of the creditors' committee to dismiss the application for an allowance is granted. Settle order on notice.