### HOLMES v. GINTER RESTAURANT CO.

#### No. 2581.

Circuit Court of Appeals, First Circuit.
Jan. 5, 1932.

Alvah L. Stinson, of Boston, Mass., for appellant.

John W. Coughlin, of Boston, Mass. (Sawyer, Hardy, Stone & Morrison, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is an action of tort brought to recover damages for personal injuries alleged to have been sustained by the plaintiff September 7, 1929, in the restaurant of the defendant, a corporation engaged in operating and conducting restaurants in Boston, Mass., due, as the plaintiff claims, to the negligence of the defendant.

In the District Court the case went to trial before a judge and jury. At the close of the plaintiff's evidence, upon motion of the defendant, the jury was directed to return a verdict for the defendant. Judgment was entered thereon, and the plaintiff appealed to this court.

Plaintiff's single assignment of error is that the court erred in allowing the defendant's motion that upon all the evidence the plaintiff cannot recover, and in directing the jury to return a verdict for the defendant, to which judgment and order of the court the plaintiff duly excepted.

"The defendant contends that it is entitled to the final judgment in its favor (1) on the ground that the plaintiff failed to prove any negligence on the part of the defendant; and (2) on the ground that, if the plaintiff fell in the defendant's restaurant, said fall was due to the natural causes of the action of the weather on the tile floor in the defendant's restaurant; (3) the plaintiff's bill of exceptions was filed late."

It seems proper to dispose of defendant's third contention first. It is based on rule 21 of the Rules of the United States District Court for the District of Massachusetts, which provides as follows:

"Bills of exceptions to any order, ruling or decision of the court shall be filed, and notice in writing thereof given to the adverse party, within twenty days after the order, ruling or decision is made, or in case of rulings made during a trial or hearing on the merits within twenty days after the verdict of the jury or finding by the court, unless the court or judge shall otherwise order; and it or he may for good reason allow a period therefor beyond the term or after judgment."

The verdict of the jury was returned October 21, 1930. The plaintiff's bill of exceptions was filed November 17, 1930. Counsel for the plaintiff, by a letter dated November 12, 1930, forwarded to the defendant's counsel a copy of the proposed bill of exceptions, which was received on November 13, 1930.

It is apparent that the bill of exceptions was filed late. But the rule is a rule of procedure and not a rule of substantive right. The presiding judge may exercise a discretion in the enforcement of a rule. Southern Pacific Co. v. Johnson (C. C. A.) 69 F. 559.

The bill of exceptions was allowed and no exception was noted by the defendant or by the District Judge and no exception was transferred to this court. Only in exceptional cases will this court consider questions not

raised before the trial court. The defendant takes nothing by its claim numbered 3.

Testimony introduced by the plaintiff tended to show that she entered the restaurant of the defendant on Saturday, September 7, 1929, at about 3 o'clock in the afternoon, and was directed to a table by one of the waitresses in the defendant's employ; that while on her way to the table, and very near it, her feet slipped from under her, causing her to fall heavily, sustaining the injuries of which she complains; that she noticed nothing extraordinary about the condition of the floor; that after the accident the manager of the restaurant told her that the floor had been very slippery that day due to moisture, and that the waitresses had been slipping on the floor, spilling food and dishes from their trays, and that the floor was always slippery on damp days. She further testified that no one gave her any notice or warning before the accident that the floor was slippery.

The manager of the restaurant testified, in substance, that the waitresses had been slipping on the floor that day, spilling food and dishes; that the floor was always slippery on damp days; that sawdust and a mop had been used on the floor the day of the accident; that he had no recollection of having said anything to the plaintiff about the condition of the floor; and that he did not know whether sawdust and a mop had been used on that part of the floor where the plaintiff slipped and fell.

The plaintiff was rightfully in defendant's restaurant for food and entertainment. She was an invitee, and the defendant owed her the duty to maintain its premises in a reasonably safe condition for use in accordance with its invitation. She had the right to assume that the floor was suitable and safe for her to walk on.

From the evidence a jury might reasonably find that the restaurant floor was so slippery, either from the action of the elements, or having been recently mopped, that it was dangerous; that this condition was unknown to the plaintiff and not likely to be discovered by the exercise of reasonable care on her part. The jury might also find that at the point near the table where the injury occurred, no precaution had been taken to make the floor safe for the use of defendant's patrons. From the evidence the jury could find that the slippery and dangerous condition of the floor was known to the defendant, and that, having this knowledge, it was the duty of the defendant through its servants to warn the plaintiff of the danger, and that failure to warn her constituted negligence on the part of the defendant. If the floor was slippery because of the action of the weather, that does not necessarily excuse the defendant in failing to give the plaintiff warning.

No citation of authorities is necessary more than to call attention to the facts and the ruling of the Massachusetts Supreme Court in the case of Judson v. American Railway Express Co., 242 Mass. 269, 136 N. E. 103. In that case an elderly woman went to the office of the defendant to get a parcel. She entered the door from the street, approached the counter, and asked for a parcel that had come the night before. She stood at the counter about five minutes, and then went to the clerk in the next cage and asked him to keep the parcel for a few days. She then turned to leave, took three steps, and fell upon the floor, receiving injuries for which suit was brought. She looked where she had fallen and saw that the floor was greasy, sloppy, and slimy; that while she was sitting in a chair she saw a man mopping the floor, but did not observe him or that the floor was being cleaned before that time. The cashier in charge of the office testified that the floor had been washed that morning, but it did not appear whether the place where the plaintiff fell had been mopped before she entered the office. Upon this state of facts the Supreme Court held that the question of defendant's negligence and the plaintiff's exercise of due care were correctly submitted to the jury.

We are satisfied in the present case that the evidence disclosed a jury question and that it was error for the court to direct a verdict for the defendant.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.