## In re WALSH.*
### No. 7347.

Circuit Court of Appeals, Fifth Circuit.
April 2, 1934.

Snedigar & Baya, of Miami, Fla., for petitioner.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

PER CURIAM.

Thomas J. Walsh seeks a mandamus nisi against the District Judge to require him to settle and allow a bill of exceptions, touching the proper contents of which they differ, in connection with an appeal to this court. It appears that Walsh, who was the defendant in a suit at law, won the verdict, but a new trial was granted on a motion filed in due time but not set down for hearing within ten days as required by a local rule of the District Court. We think the appeal so clearly unsustainable that a mandamus in aid of it could under no circumstances be granted. The District Court had full power within the term to grant a new trial for the reasons contained in the motion, which ap-

pear to be of a usual nature. 28 USCA § 391. The local rule limiting the time for its hearing is a mere rule of practice a disregard of which would not affect the jurisdiction of the court to grant the new trial. Abbott v. Brown, Marshal, 241 U. S. 606, 36 S. Ct. 689, 60 L. Ed. 1199. Indeed, such a rule made by a court may be dispensed with by the court that made it to advance justice in a special case. Wallace v. Clark, 29 Fed. Cas. page 72, No. 17,098. The order granting the new trial was jurisdictionally valid. The granting of it under all the decisions was in the discretion of the court. It leaves the case pending in the District Court, without a final judgment to be appealed from.

Mandamus nisi denied.