## In re G. W. GIANNINI, INC.

### Appeal of WITTNER.

### No. 396.

Circuit Court of Appeals, Second Circuit.
June 7, 1937.

MANTON, Circuit Judge, dissenting.

446

Sidney M. Wittner, of New York City, pro se, appellant.

Feiring & Bernstein, of New York City (Michael Feiring and Barney Bernstein, both of New York City, of counsel), for appellee trustee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents the question whether an attorney whose representation of a creditor disqualifies him under a local bankruptcy rule for retention as attorney for the receiver, but who is nevertheless so retained pursuant to an order of the court after disclosure of the facts, is entitled to compensation for services rendered as the receiver's attorney. .

G. W. Giannini, Inc., was adjudicated a bankrupt upon its voluntary petition. Shortly thereafter a receiver was appointed upon the petition of Elizabeth Sonn, a creditor, who was represented by attorney Wittner, the present appellant. The receiver applied for leave to retain Mr. Wittner as his attorney, accompanying his petition with an affidavit by Mr. Wittner which disclosed that he represented a creditor of the bankrupt and had applied on her behalf for the appointment of the receiver. The affidavit stated also that an employee of the bankrupt had requested Mr. Wittner to file a wage claim for him, and that, except as above noted, the affiant did not represent any person interested in the estate and had had no business or professional relations with the bankrupt or the bankrupt's attorney during the preceding year. By order of July 8, 1935, the receiver was authorized by Judge Goddard, without opinion, to retain Mr. Wittner as his attorney. On July 15th the latter conducted an examination of the bankrupt's officers and employees before the referee in bankruptcy. On the following day Mr. Giannini, who was the president and also a creditor of the bankrupt, obtained an order directing Mr. Wittner to show cause why his appointment as attorney for the receiver should not be vacated and an order be entered directing that no compensation be paid him as receiver's attorney. In opposition to the motion, Mr. Wittner filed an affidavit which set forth that the motion was not made in good faith but for the purpose of blocking the said examination; that he had discovered that the bankrupt's officers were concealing assets of the estate; and that the interests of all creditors would be best served by permitting him to continue his search for concealed assets. On July 17th Giannini's motion was denied by Judge Bondy, without opinion. Thereafter the appellant made application for an allowance for services rendered as the receiver's attorney. This was opposed by the trustee in bankruptcy upon the ground that rule 8 of the local Bankruptcy Rules forbad an allowance. The referee so held, and his report was confirmed by Judge Knox. From this order the appellant has appealed by leave of this court.

Rule 8 is printed in the margin.[1] It cannot be denied that by the letter of the rule

[1] No attorney shall be retained by the Receiver or Trustee unless his affidavit, annexed to the petition of the Receiver or Trustee, shall show, to the best of his knowledge in addition to the matters required by General Order XLIV, his business, professional or other connection, during one year prior and up to the date of the affidavit, with the bankrupt, the bankrupt's attorney, any creditor or any other person interested in the estate. No attorney shall be so retained if in the proceeding he has appeared for or acts for or holds proxies for the petitioning or other creditors or for any other person interested in the estate; nor shall his retention continue or he be paid for services out of the estate if during the proceeding he therein act for or hold proxies for, or if for services therein he accept compensation from, any such creditor or person. The petition of the Receiver or Trustee for the retention of an attorney shall state at whose instance, if any, such retention is suggested and the reasons for acting thereon.

This rule shall not prohibit the Receiver or Trustee from retaining as special

the appellant was disqualified for appointment as attorney for the receiver and is forbidden to receive compensation for services rendered as such. Admittedly he was the attorney for a creditor and had appeared and acted for her in the bankruptcy proceedings in obtaining the appointment of the receiver. Such an application is within the terms of the rule. In re H. L. Stratton, Inc., 51 F.(2d) 984, 988 (C.C.A.2).

The appellant contends, however, that the two orders made by Judge Goddard and Judge Bondy, respectively, after full disclosure of the facts, constitute a waiver of rule 8; or, in any event, constitute "the law of the case" to be applied on his application for compensation.

■ General Orders of the Supreme Court may be supplemented by local rules. See Weil v. Neary, 278 U.S. 160, 169, 49 S. Ct. 144, 148, 73 L.Ed. 243; In re Mandell, 69 F.(2d) 830 (C.C.A.2.). No question has been raised as to the power of the District Court to supplement General Order 44 (288 U.S. 635; 11 U.S.C.A. following section 53) by local rule 8. As stated in the Neary opinion, an authorized rule of court "has the force of law." Some rules of court expressly reserve to the sitting judge discretion to make exceptions in the application of the rule. Such were the rules involved in Weil v. Neary, supra, and in Holmes v. Ginter Restaurant Co., 54 F.(2d) 876 (C.C.A.1). Other rules either contain no reservation of the power to make exception or else, granting the power, restrict its exercise to a particular time or manner. The authorities are not in entire accord as to whether such rules may be waived. The cases cited by the Supreme Court in the Neary Case for the proposition that an authorized rule of court has the force of law are to the effect that the rule must be applied until repealed by the authority making it; and hence that a single judge can not waive a rule not his own. Rio Grande Irrigation Co. v. Gildersleeve, 174 U.S. 603, 608, 19 S.Ct. 761, 43 L.Ed. 1103 (time limit for motions to set aside finding or judgment rendered in vacation); Thompson v. Hatch, 3 Pick. (20 Mass.) 512 (time for filing pleas in abatement); District of Columbia v. Roth, 18 App.D.C. 547 (time for filing transcript of record on appeal); Murphy v. Gould, 39 App.D.C. 363 (same); State v. Lankford, 158 Ind. 34, 62 N.E. 624 (index to record on appeal required). See, also, Superior Fire Ins. Co. v. Martin, 80 F.(2d) 275, 277 (C.C.A.7) (only cases at issue to be placed on calendar by clerk). Cf. Wallace v. Clark, 29 Fed.Cas. p. 72, No. 17,098 (C.C.Mass.), where the rule-making court waived its own rule setting a time for the filing of pleas in abatement. However, Chief Justice Taney, in United States v. Breitling, 20 How. (61 U.S.) 252, 254, 15 L.Ed. 900, stated that "it is always in the power of the court to suspend its own rules, or to except a particular case from its operation"; and many rules have been construed as merely directory, with the result that disregard of the rule is not ground for dismissal of the appeal or reversal. Southern Pac. Co. v. Johnson, 69 F. 559, 562 (C. C.A.9) (time for presentation, allowance, and certification of bills of exception); State of Florida v. Charlotte Harbor Phosphate Co., 70 F. 883, 886 (C.C.A.5) (return day for appeals and time for filing transcript); Love v. Busch, 142 F. 429, 431 (C. C.A.5) (same); Strohbar v. Dwinnell, 29 F.(2d) 915 (C.C.A.5) (time for taking testimony in bankruptcy discharge); Sun Oil Co. v. Gregory, 56 F.(2d) 108 (C.C.A.5) (submission of special charges prior to oral argument); In re Walsh, 69 F.(2d) 971 (C. C.A.5) (time for hearing on motion for new trial). See, also, Freeman v. United States, 227 F. 732 (C.C.A.2) (time for filing transcript); Woodbury v. Andrew Jergens Co., 61 F.(2d) 736 (C.C.A.2) (time for settling record).

■ But if a rule promulgated by the judges of the District Court is construed to be mandatory, rather than merely directory, we agree with the former group of decisions that a single judge has no discretion to dispense with it. It is true he has power to act in disregard of it, for he has jurisdiction to make erroneous as well as lawful orders, and it matters not whether the error consist in violating a rule of court, or disregarding a statutory provision not relating to jurisdiction, or misapplying a general legal principle. Abbott v. Brown, 241 U.S. 606, 609, 36 S.Ct. 689, 60 L.Ed. 1199 (time for motion for new trial). Rule 8 lays down a prohibition against retaining or compensating an attorney who possesses the disqualifications therein prescribed. We

counsel any attorney who at the time of the filing of the petition in bankruptcy was the attorney for the bankrupt in litigations or other matters then pending on behalf of the bankrupt. No such counsel shall be so retained except on order of the Court setting forth the terms and conditions of such retainer.

think it was intended to be a mandatory prohibition, leaving no discretion to the individual judge to waive its provisions in a particular case. This was the view of the late Judge Coleman expressed in Re Rogers Pyatt Shellac Co., 43 F.(2d) 863, 864, 866 (D.C.N.Y.), with respect to former rule 4. That decision was affirmed by this court in 51 F.(2d) 988 (C.C.A.2), without express reference to Judge Coleman's dictum. We now declare our agreement with it. Hence the order of July 8th authorizing the receiver to retain Mr. Wittner cannot be construed as a waiver of the rule. It was an erroneous order, not appealed from; and the question is what effect, if any, it has upon the appellant's subsequent application for compensation. This brings us to the second branch of the appellant's argument.

The principle relied upon is that "an actual decision of any question settles the law in respect thereto for future action in the case." Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 554, 24 S.Ct. 538, 539, 48 L.Ed. 788. The question before Judge Goddard was whether Mr. Wittner should be retained as the receiver's attorney; not whether he should in the future be compensated for such services as he might render. The order of July 8th cannot, therefore, properly be deemed a ruling on the subject of compensation. No doubt Mr. Wittner expected that if his retention was authorized he would thereafter be entitled to compensation; but such expectation ignored the express prohibition of the rule against payment out of the estate to an attorney disqualified to serve as the receiver's attorney. Similar considerations apply to Judge Bondy's order of July 17th. The motion which he denied asked (1) that Judge Goddard's order be vacated and (2) that an order be entered declaring that Mr. Wittner was not entitled to compensation. As already stated, the first branch of the requested relief did not relate to compensation; the second branch sought a declaration that the attorney would not be entitled to compensation, if he should thereafter apply for it. A refusal so to declare is not equivalent to an affirmative declaration that he is entitled to it. It may have been denied for any one of numerous reasons, such as, that the question was prematurely raised and should not be passed upon until an application for compensation was made in the prescribed way. See local rule 16. Accordingly, we think the principle contended for has no application to the present case.

The case of In re Realty Associates Securities Corporation, 6 F.Supp. 549 (D.C. E.D.N.Y.), appears to support the appellant's argument that an order authorizing the appointment of an attorney disqualified by the rules, constrains the court to allow him some compensation for his services. We cannot approve it. In re Schulte-United, 59 F.(2d) 553, 562 (C.C.A.8), much relied upon by the appellant, does not involve the principle now under discussion. Against the assertion that the papers supporting the appointment of the attorneys for the receiver had failed to comply with the then General Order 44 (11 U.S.C.A. following section 53), it was there held that on an appeal from allowances of compensation to the attorneys, the court would not review the propriety of the orders appointing them, the orders neither having been appealed nor considered by the court below. It does not hold that the order of appointment compels the allowance of compensation in the teeth of a rule expressly forbidding it.

Rule 8 is drastic, and in a particular case may seem to operate harshly in depriving of compensation an attorney who has in good faith rendered services beneficial to the estate; but the attorney is chargeable with knowledge of the rule and of the principle that a mandatory rule of all the judges cannot be waived by a single judge. The rule is aimed at preventing not merely actual evils in a particular case but the tendency to evil in all cases. It must not be frittered away by creating exceptions for hard cases. It is as binding on an appellate court as on the court below. See Galveston Dry Dock, etc., Co. v. Standard Dredging Co., 40 F. (2d) 442, 444 (C.C.A.2); Thompson v. Hatch, 3 Pick. (20 Mass.) 512, 516.

Order affirmed.

MANTON, Circuit Judge (dissenting).

The appellant was assigned as attorney for the receiver in bankruptcy after full disclosure by affidavit of his relations with the bankrupt and his creditors. The judge doing so suspended rule 8 in making the order. Later in the proceedings, another District Judge declined to vacate the assignment of the appellant after a full hearing and again after a full disclosure. The appellant was peculiarly qualified to perform

services beneficial to the estate of the bankrupt and did so efficiently. He did not volunteer his services free of charge. He was encouraged to continue in his professional endeavors by the judicial actions of two District Judges. This was accompanied by the promise implied in law that for faithful services he would be paid.

Rule 8 is said to be divisible into two parts, employment of the attorney and compensation for professional work. The rule is said to be mandatory rather than directory and, since it is mandatory, it may not be waived or suspended. There is an intimation in Weil v. Neary, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243, where a similar rule in effect in the Western District of Pennsylvania was under consideration, that it could be waived by a District Judge (see 278 U.S. page 171, 49 S.Ct. page 148), though it is true that the rule in that case specifically provided for exceptions. In exercising its rule-making power, District Courts cannot restrict or enlarge their jurisdiction or change the statutory or substantive law. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480; Woodbury v. Andrew Jergens Co., 61 F.(2d) 736 (C.C.A.2), certiorari denied Berenson v. Woodbury, 289 U.S. 740, 53 S.Ct. 659, 77 L.Ed. 1487. Rule 8 is a rule of practice. Within section 731, title 28 U.S.C.A., the District Judges may "from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under section 730 of this title, make rules and orders * * * [to] regulate their own practice as may be necessary or convenient for the advancement of justice." Rules of practice may ordinarily be waived. United States v. Breitling, 20 How. 252, 15 L.Ed. 900; Matter of Schulte-United, 59 F.(2d) 553 (C.C.A.8); Holmes v. Ginter Restaurant Co., 54 F.(2d) 876 (C.C.A.1); Strohbar v. Dwinnell, 29 F. (2d) 915 (C.C.A.5).

When compensation was denied below, it was not merely an exercise of judicial discretion; it was thought that the court did not have the power to make the assignment or to grant compensation. But, since the court did have such power, I think the order should be reversed and the cause remanded to the court below for fixation of compensation.