594

UNITED STATES of America,
Plaintiff,

v.

Charles T. HVASS, Defendant.

Cr. No. 2358.

United States District Court
N. D. Iowa, Central Division.

Dec. 20, 1956.

F. E. Van Alstine, U. S. Atty., and
T. G. Gilinsky, Asst. U. S. Atty., Sioux
City, Iowa, for plaintiff.

Warren B. King (of King & Mac-
Gregor), Minneapolis, Minn., and M. E.
Rawlings, Sioux City, Iowa, for defend-
ant.

MICKELSON, District Judge (by as-
signment).

This matter is before the Court upon
the defendant's motion to dismiss the in-
dictment on the ground that the same
does not state facts sufficient to con-
stitute an offense against the United
States.

The defendant, Charles T. Hvass, is an attorney with his office in Minneapolis, Minnesota, and is a member in good standing of the bars of the states of Minnesota and Texas, and has been admitted to practice before the United States District Court for the District of Minnesota, and the United States Court of Appeals for the Eighth Circuit. Hvass represented injured workmen in two suits which were filed in this court, Wyrum v. Mason City & Clear Lake Railroad Co., Civil No. 644, and Lash v. Chicago Great Western Railway Co., Civil No. 663. At the time those suits were filed in this court, Local Rule 3 of the Northern and Southern Districts of Iowa provided as follows:

"All attorneys residing outside of the State of Iowa and having civil matters in the court shall associate with them a resident attorney on whom notice may be served and who shall have the authority to act for and on behalf of the client in all matters, including pretrial conferences and the trial of the case. Such resident attorney shall be a member of the bar of the District, shall sign the first pleading filed and continue in the matter unless other qualified resident counsel be substituted. Non-resident attorneys who have so associated with them a resident attorney shall be permitted to participate in a particular case upon satisfactory showing of good moral character."

The evident purpose of the rule is to assure the court that when out of state attorneys appear as counsel in any case, that there will be no delays for hearings on motions, pre-trial conferences and other matters which may arise during the trial, and so that service of papers may be accomplished locally at any stage of the proceedings. A similar rule will be found in the rules of most United States District Courts.

Subsequent to the commencement of the Wyrum and Lash cases, and on August 31, 1955, the judges of the Northern and Southern Districts of Iowa entered an order amending Rule 3 by adding thereto the following proviso:

" 'Provided further that where the action is one to recover damages for personal injuries sustained in Iowa by one who at the time was a resident of Iowa or the action is one to recover damages for the death of a resident of Iowa resulting from personal injuries sustained in Iowa, the court may on its own motion, or on motion of a member of the bar of either District, before permitting a non-resident attorney to participate in the case, require a satisfactory showing that the connection of the said attorney, or the firm or attorney with which he is associated, was not occasioned or brought about in violation of the standards of conduct specified in Rule 8 hereof. The court as a part of said showing may require the plaintiff and the said attorney to appear and be examined under oath.' "

It is this amended Rule 3 with which we are now concerned. The amendment became effective on October 1, 1955, as to actions then pending or thereafter commenced.

On October 3, 1955, the court entered an order fixing October 12, 1955, as the date for non-resident attorneys in the Wyrum and Lash cases to appear, if they wished to participate in those actions, and be examined under oath in regard to matters within the scope of amended Rule 3. The defendant Hvass did appear, and was examined under oath by the United States Attorney. Administration of the oath to Hvass was not a part of any judicial proceeding in the Wyrum and Lash cases, but rather was a part of an administrative proceeding by which the court sought to determine whether Hvass should be permitted to participate as an attorney in those cases. Two further hearings were held, and witnesses subpoenaed both by the United States and by the defendant Hvass, were examined and cross-examined. Thereafter, on November 1, 1955, the court entered an order finding

that the injuries for which recovery was sought in each case were sustained in the State of Iowa by residents of Iowa, and that "the applicant has not made satisfactory showing of the matters which must be satisfactorily shown under said Local Rule 3." Thus the court denied the application of Hvass to participate in the two cases and struck the appearance of the firm of Hvass, Weisman, Peterson, King and Schwappach as attorneys for plaintiff in each case.

On March 20, 1956, the present indictment was returned, charging the defendant Hvass with the crime of perjury under four separate counts in violation of 18 U.S.C.A. § 1621.[1] The indictment charges under each count thereof that the alleged false testimony was given under and pursuant to the provisions of Rule 3, supra, and Rule 8[2], Local Rules of the United States District Court, Northern District of Iowa.

Let us first consider briefly the rule making power of a United States District Court. Such rule making power is found in 28 U.S.C.A. § 2071:

"The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."

Rule 83 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is as follows:

"Rules by District Courts

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

Thus Congress and the Supreme Court of the United States have recognized the necessity of broad rule making powers of the courts to enable them to prescribe complete and uniform modes of procedure. It appears, however, that Sec. 1621 and Rule 83, supra, were intended only to cover matters of practice and procedure. Likewise

---

1. Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury * * *."

2. "Conduct and Duties—Disbarment and Discipline

"The standards of conduct and duties of members of the bar of the District shall be those prescribed by Chapter 610, Code of Iowa 1950, by the oath set forth in Rule 1 hereof, and by the Canons of Professional Ethics of the American Bar Association, and amendments thereto.

"For violation of such standards of conduct and duties any member of the bar of the District for good cause shown, and after an opportunity has been given to be heard, may be disbarred, suspended from practice for a definite time, reprimanded, or subjected to such other discipline as the court may deem proper.

"Whenever it is made to appear to the court that any member of its bar has been disbarred or suspended from practice, or convicted of a felony in any other court he shall be suspended forthwith from practice before this court, and, unless upon notice mailed to him at his last known address, he shows good cause to the contrary within fifteen days, there shall be entered an order of disbarment, or of suspension for such time as the court shall fix.

"Any person who before his admission to the bar of this court, or during his disbarment or suspension, exercises in the District in any action or proceeding pending in the court any of the privileges of a member of the bar, or who pretends to be entitled so to do, shall be guilty of contempt of court, and shall subject himself to appropriate punishment therefor."

amended Rule 3 was promulgated for the purpose of determining the fitness of lawyers falling within its terms, to participate in certain actions before the court. Following the oral hearings at which the defendant Hvass testified, the Court determined that he had not made a satisfactory showing under Rule 3 and he was denied the right to participate in the Wyrum and Lash cases. Without question a United States District Court has the right to determine the fitness of attorneys who may practice in such court. See the recent case of In re Wasserman, 9 Cir., 240 F.2d 213. However, after Rule 3 had served its purpose and the court denied the defendant Hvass the right to participate in the Wyrum and Lash cases, the United States now seeks to prosecute him for perjury based upon the testimony given by him at these hearings. In seeking to do so, it appears to me that the United States is going far beyond what Congress intended in granting the rule making power to the courts.

The essential elements of the crime of perjury as defined in 18 U.S.C.A. § 1621 are (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement wilfully made as to facts material to the hearing. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. Under point one above, we recognize that generally speaking a rule of court has the force of law. In re Giannini, Inc., 2 Cir., 90 F.2d 445, 111 A.L.R. 1492; Galveston Dry Dock & Construction Co. v. Standard Dredging Co., 2 Cir., 40 F.2d 442. We are here confronted with an unusual situation, namely, a perjury indictment, predicated upon a rule of court that is in itself rather unique and unusual. It gives to the court the discretion to determine when the attorney shall be required to make a satisfactory showing in regard to Rule 8, supra, and the further discretion to place the witness under oath. The purpose of the rule was accomplished when Hvass was denied the right to participate in the Wyrum and Lash cases and if disciplinary action against the defendant Hvass is deemed advisable such action should be instituted in the regular manner.

The defendant urges that Rule 3 is invalid upon several grounds and contends that his motion to dismiss the indictment must be sustained for this reason. In my opinion it is not necessary for me to pass upon this question. I simply hold that Rule 3, under which the defendant took his oath, is not such a law of the United States as was intended by Congress to support an indictment for perjury.

The defendant's motion to dismiss will be granted. Defendant's counsel may prepare and submit a formal order dismissing the indictment, and as to all four counts thereof.