Contracts; interest; attorney fees. — On September 10,1976 the court entered the following order:
Before CoweN, Ghief Judge, Davis and BeNNett, Judges.
“This case is before the court on defendant’s motions for summary judgment and to dismiss. Plaintiff has sued for breach of contract for alleged failure of defendant to pay it $1 million, said to be due for certain technical data furnished by plaintiff under a Department of Army contract relating to manufacturing and patent rights in a teletypewriter system. It also claims interest, attorney fees and costs estimated at $363,200, due to defendant’s ‘gross bad faith and misconduct’ in connection with the transaction. Defendant tells us that it has paid the $1 million to plaintiff since the petition was filed. This is now uncontroverted. Defendant charges that plaintiff has not stated a claim upon which relief can be granted as to the rest of the sums sought. We agree. The contract has no provision for payment of interest and no statute authorizes it in a case such as this. 28 U.S.C. § 2516 (1970). United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 589 (1947) ; Bonnar v. United States, 194 Ct. Cl. 103, 438 F. 2d 540 (1971). The claim for attorney fees likewise fails to state a claim upon which relief can be granted. Such fees are not recoverable in federal litigation absent statutory authorization. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240 (1975); J. E. Robertson Co. v. United States, 194 Ct. Cl. 289, 437 F. 2d 1360 (1971); Dittmore-Freimuth Corp. v. United States, 182 Ct. Cl. 507, 390 F. 2d 664 (1968). 28 U.S.C. § 2412 likewise bars attorney fees and this court has not allowed costs under that section either. 28 U.S.C. § 2516 bars payment of interest except under a contract or statute expressly providing for payment thereof. *310 Neither exists to help plaintiff here. Plaintiff says, however, that the court’s equitable powers are inherent and sufficient to allow its claim. The Court of Claims is a court whose jurisdiction is limited by statute and it does not have such equitable powers as plaintiff claims. United States v. King, 395 U.S. 1 (1969). Plaintiff’s charge that defendant is guilty of “gross bad faith and misconduct” also suggests a claim in tort over which this court has no jurisdiction. 28 U.S.C. § 1491 (1970); Myers v. United States, 206 Ct. Cl. 863 (1975); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970); Williamson v. United States, 166 Ct. Cl. 239 (1964). Authorities relied on by plaintiff are in-apposite.
“it is therefore ordered that, upon consideration of the defendant’s motions for summary judgment and to dismiss, plaintiff’s response thereto, and defendant’s reply, without oral argument, the said motions are granted. The petition is dismissed.”