KNOGO CORPORATION

v.

The UNITED STATES and Checkpoint Systems, Inc., Third-Party Defendant.

No. 194–79C.

United States Court of Claims.

July 29, 1981.

Walter Pozen, Washington, D.C., attorney of record, for plaintiff; Stroock & Stroock

& Lavan, Washington, D.C., Lawrence F. Scinto, William J. Brunet, Fitzpatrick, Cella, Harper & Scinto, New York City, of counsel.

Harry E. Barlow, Washington, D.C., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D.C., for defendant; Vito J. DiPietro, Washington, D.C., of counsel.

Stanley M. Schurgin, Boston, Mass., attorney for third-party defendant; Glen E. Books, Paul J. Hayes, Weingarten, Maxham & Schurgin, Boston, Mass., of counsel.

Before NICHOLS, BENNETT and SMITH, Judges.

## OPINION

BENNETT, Judge.

The court is presented here with a procedural snarl not uncommon in patent cases but unique on its facts in this instance. Plaintiff, Knogo Corporation, with the signed consent of defendant, filed a stipulation on April 17, 1981, under Rule 102(a)(1)(ii) to dismiss this action with prejudice. It is not stated in the stipulation but it is an uncontested fact that the stipulation results from a settlement agreement between Knogo and the United States pursuant to which Knogo agrees to pay defendant its costs and attorney fees in the amount of $15,000. The issue now is whether the court should approve this stipulation to dismiss or allow the motion by the third-party defendant, Checkpoint Systems, Inc. (Checkpoint), for an order precluding entry of dismissal pursuant to the stipulation. We think that the case should be dismissed, as stipulated.

This case arose as an action against defendant United States to receive reasonable compensation for alleged unauthorized use by defendant of two electronic antitheft detection systems purchased by defendant and installed in the United States Patent and Trademark Office by Checkpoint, Inc. Knogo claimed that this was an infringement of its own patent, No. 3,500,373. Defendant noticed Checkpoint under Rule 41, requesting that its supplier appear as a third-party defendant because Checkpoint's agreement with defendant contained an indemnification clause. Checkpoint did enter the case and the parties have engaged in pretrial discovery. For many years the two companies have been arch business competitors and Knogo has suits pending against Checkpoint in patent disputes in other nations. It was Knogo's view that Checkpoint's contract with the Patent Office was a prestigious major account and that a suit against its most visible customer would be advantageous, especially if it forced recognition of infringement of the Knogo patent.

■ Checkpoint's motion opposes allowance of dismissal based on the stipulation unless Knogo agrees to pay Checkpoint's litigation expenses and attorney fees (alleged to be between $160,400 and $175,000) in the same proportion as Knogo has agreed to pay defendant's expenses. Knogo, of course, refuses to pay. Checkpoint bases its objection to dismissal on the rule cited above which provides that plaintiff may dismiss by order of the court "by filing a stipulation of dismissal signed by the adverse part*ies*." (Emphasis added.) Since Checkpoint is a third-party defendant and refuses to sign, it believes the dismissal must be aborted unless its conditions are met, citing *Wheeler v. American Home Products Corp. (Boyle-Midway Div.)*, 563 F.2d 1233 (5th Cir.1977), a case arising under Fed.R.Civ.P. 41(a)(1)(ii). We think that case is distinguishable. In that matter, a discrimination suit was brought by certain employees against an employer and a labor union. Certain other employees intervened as plaintiffs. Later, the original plaintiffs settled with the defendants and then sought dismissal of the case with prejudice over the objection of the intervenors who were excluded from the monetary settlement and wished to pursue injunctive relief. The district court allowed dismissal and the court of appeals reversed. The court of appeals held that Fed.R.Civ.P. 41(a)(1)(ii), which provides for dismissal pursuant to stipulation, was inapplicable since the intervenors had not signed the settlement agreement. There the court was protecting the

rights of the intervenors who wished to pursue a claim cognizable on its merits in the district court. In this case, Checkpoint can pursue no claim on the merits against Knogo since we have no jurisdiction over merits claims between private parties, as opposed to claims for costs and attorney fees and expenses in restricted circumstances. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Berdick v. United States*, 222 Ct.Cl. ——, 612 F.2d 533 (1979); *Rolls-Royce Ltd. v. United States*, 176 Ct.Cl. 694, 364 F.2d 415 (1966); *Berkeley v. United States*, 149 Ct.Cl. 549, 276 F.2d 9 (1960); *National City Bank v. United States*, 143 Ct.Cl. 154, 163 F.Supp. 846 (1958).

In any event, Ct.Cl. Rule 102(a)(2) permits the court to dismiss at plaintiff's instance without a stipulation between the parties, as Checkpoint concedes. We choose to do so. It is proper in this instance because the case has not yet gone to trial, and we see nothing to indicate that justice would require any further proceedings now that there is no controversy involving a claim against the United States. *Cf. Somali Development Bank v. United States*, 205 Ct.Cl. 741, 508 F.2d 817 (1974); *Mulholland v. United States*, 175 Ct.Cl. 832, 361 F.2d 237 (1966) (cases holding that we have no jurisdiction over a government counterclaim once it is found there is no jurisdiction over plaintiff's claim).

While the petition is to be dismissed at this point, this does not entirely dispose of the present motion. Ct.Cl. Rule 102(a)(2) permits the court to dismiss "upon such terms and conditions as the court deems proper." Checkpoint argues that dismissal would not be proper unless Checkpoint's expenses and attorney fees are paid by Knogo, as aforesaid. This reveals the motion to be what it is in essence and effect: a motion for the award of costs and attorney fees and expenses. We have some uncertain leeway to consider disputes between private parties as to such claims. *Compare Pottawatomie Tribe v. United States*, Ct. Cl., 650 F.2d 291 (1981), with *Hannahville Indian Community v. United States*, Ct.Cl., No. 29–L (order entered August 24, 1979),

and *Sisseton & Wahpeton Bands v. United States*, 191 Ct.Cl. 459, 469, 423 F.2d 1386, 1391 (1970).

We first consider costs, although we note that it is not quite clear whether and to what extent Checkpoint is claiming costs. The pertinent statute, 28 U.S.C. § 2412 (1976) (amended 1980), permits the award of costs in civil actions brought by or against the United States. However, it is a matter for the court's discretion, and the court's historic practice has been not to award costs to any party. *Aparacor, Inc. v. United States*, 215 Ct.Cl. 596, 607, 571 F.2d 552, 558 (1978); *Rasmussen v. United States*, 211 Ct.Cl. 260, 275 n.20, 543 F.2d 134, 142 n.20 (1976); *SCM Corp. v. United States*, 211 Ct.Cl. 309 (1976). *See Weather Eng'r Corp. v. United States*, 206 Ct.Cl. 842 (1975); *Weather Eng'r Corp. v. United States*, 206 Ct.Cl. 882 (1975). We see no reason to make an exception to our practice in this case.

The question of attorney fees and expenses presents a more difficult problem. Checkpoint asserts that 35 U.S.C. § 285 (1976) permits the award of attorney fees in patent cases. That statute reads:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Checkpoint has made untried allegations that plaintiff obtained its patent by fraud on the Patent Office and argues that if this is true it would make this case exceptional within the meaning of the statute, citing *Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.*, 407 F.2d 288 (9th Cir.1969). Plaintiff counters that 28 U.S.C. § 2412 prohibits the award of attorney fees and expenses in any civil action brought by or against the United States, and hence creates an exception to 35 U.S.C. § 285 here. Checkpoint's response is that 28 U.S.C. § 2412 does not apply to an award of attorney fees and expenses against a private party in favor of another private party.

Turning to 35 U.S.C. § 285, we see a problem as to whether Checkpoint is a "pre-

vailing party" within the meaning of the statute quoted above. Plaintiff asserts a claim against the United States and Checkpoint appears in this case as an indemnitor of the Government. Plaintiff asserts no claim against Checkpoint. Checkpoint does assert a counterclaim against plaintiff. However, it may be disregarded as it is for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1976), under which this court has no authority applicable here. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Shippen v. United States*, Ct.Cl., 654 F.2d 45 (1981). Hence, there is technically no controversy between Checkpoint and plaintiff in which Checkpoint could prevail. If the counterclaim is considered such a controversy, Checkpoint has lost, not prevailed. The parties have not considered this point. However, presumably the argument would be made that practical substance rather than technical form should control in applying the statute, and the practical substance here is that plaintiff and Checkpoint are adverse parties on the merits of plaintiff's claim against the United States and that Checkpoint has prevailed since plaintiff's claim will be dismissed with prejudice. Since the parties have not addressed the issue, we prefer to rest our decision on another ground.

█ The statute, 28 U.S.C. § 2412, prohibits the award of attorney fees and expenses in any civil action brought by or against the United States.[1] By its terms, the statute would seem to apply to the instant case. Checkpoint argues that the policy behind section 2412 does not prevent the award of attorney fees and expenses as between private parties in cases to which the United States is a party. It is true that the purpose behind the enactment of section 2412 was only to make equitable the award of costs as between the United States and a private party. S.Rep.No. 1329, 89th Cong.,

2d Sess. (1966), *reprinted in* [1966] U.S. Code Cong. & Ad. News 2527–31. Nevertheless, we believe the statute bars the award of attorney fees and expenses here.[2]

We note first the difficulty in allocation that Checkpoint's interpretation would create. That is, were it not that the defendant here was the United States, a prevailing third-party defendant would seek attorney fees and expenses from the plaintiff, if he could get them, but also from the defendant. Checkpoint's attempt to recover solely from plaintiff is an attempt to shift to plaintiff costs that would be borne partly, if not entirely, by the defendant, but which it cannot bear here since it is the United States. While perhaps some allocation could be made between expenses the plaintiff should bear and those the defendant would bear, the difficulties with this can be seen in the instant case: all that has been contested is defendant's liability to plaintiff and no issues have been litigated which strictly go to Checkpoint's liability to defendant. Litigation on the latter issues could easily be allocated to defendant. A method for allocating the expenses on the former issues is not immediately apparent.

What we find truly dispositive, however, is the inconsistency Checkpoint's interpretation would produce. Under Checkpoint's view, a plaintiff would be potentially liable for attorney fees and expenses if it sued the United States and a third party participated, but not if there were no third party. We do not believe such uncertainty should exist. There should be a single rule to give potential plaintiffs fair warning of their potential liability. That rule must be that there shall be no liability for attorney fees and expenses in suits against the United States under existing law as applicable to this motion. That rule is compatible with both the language and purpose of the present statute. Checkpoint's interpretation is flawed in that it must ignore the

---

1. The Equal Access to Justice Act, Pub. L. No. 96–481, § 204, 94 Stat. 2325 (1980), amends 28 U.S.C. § 2412 to allow for the recovery of attorney fees and expenses in certain cases, but the amendment is not effective until October 1, 1981.

2. As a consequence, we find it unnecessary to reach the issue of fraud and plaintiff's assertion that the fees and costs claimed by Checkpoint are unsubstantiated.

statutory language. Checkpoint may argue that there is no uncertainty in the instant case, that Knogo brought this case as an attack against Checkpoint, using the United States as merely a nominal defendant and knowing full well that Checkpoint would participate. For such an argument to succeed, the statute would have to be applied on a case-by-case basis. We believe the statute is best applied as a single, certain rule, rather than on a case-by-case basis. We note further that the United States is not merely a nominal defendant here. It is not judgment-proof, and it participates actively with its own counsel. The practical substance of the role of the United States in these cases will vary from case to case, and we do not believe a workable rule could be made which would take into consideration the subtle variations in the substance of its role. In sum, we hold that 28 U.S.C. § 2412 bars the attorney fees and expenses Checkpoint seeks.

Upon consideration of the third-party defendant's motion for an order precluding entry of dismissal pursuant to the stipulation for dismissal entered into by plaintiff and defendant United States and filed on April 17, 1981, the response thereto, and other papers submitted to the court in connection with this issue, it is concluded, without oral argument, that the motion should be and it is denied. The stipulation is accepted and the petition is dismissed with prejudice. Checkpoint's counterclaim is dismissed. All other pending procedural motions by the parties are mooted.