**Walter E. THORNTON–TRUMP, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Abex Corporation, FMC Corporation, and Landoll Corporation, Third-Party Defendants.**

No. 699–84C.

United States Claims Court.

April 23, 1987.

Roger D. Greer, Chicago, Ill., attorney of record, for plaintiff. Welsh & Katz, of counsel.

Oscar A. Towler, III, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

Thomas S. Baker, Jr., Columbus, Ohio, attorney of record, for Abex Corp.

Raymond P. Niro, Chicago, Ill., attorney of record, for FMC Corp. and Landoll Corp. Niro, Scavone, Haller & Niro, of counsel.

## OPINION ON MOTION FOR RECONSIDERATION

WIESE, Judge.

In an opinion dated April 6, 1987, this court imposed sanctions under RUSCC 26(g) upon plaintiff and his counsel for failure to conduct a reasonable inquiry into the accuracy of answers to interrogatories that later proved erroneous. *Thornton-Trump v. United States,* 12 Cl.Ct. 127 (1987). Specifically, the court ordered plaintiff and his counsel to pay attorney's fees and other costs associated with useless discovery that was undertaken by two third-party defendants as a result of plaintiff's erroneous answers. In this motion, plaintiff asks the court to vacate or modify its order on grounds that the Claims Court has no jurisdiction to impose sanctions upon a plaintiff that run in favor of a third-party defendant, as opposed to the perennial defendant in this court, the United States.

Plaintiff's argument is without merit. Granted, the Tucker Act, 28 U.S.C. § 1491 (1982), does not confer jurisdiction upon this court to entertain money claims between private parties, *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Hence, we are without power to render judgment against a plaintiff on a third-party defendant's claim for attorney's fees under 28 U.S.C. § 2412 (1982). *Knogo Corp. v. United States,* 228 Ct.Cl. 372, 377–78, 656 F.2d 655, 658–59, *cert. denied sub nom. Checkpoint Systems, Inc. v. Knogo Corp.,* 454

U.S. 1124, 102 S.Ct. 973, 71 L.Ed.2d 111 (1981); *Lemelson v. United States,* 8 Cl.Ct. 789, 792 (1985). But this limitation on our authority has no relevance here. A motion for sanctions under Rule 26(g) is not a statutory claim for monetary damages, but a procedural motion to enforce the court's rules that may be initiated by any party to litigation properly before the court or by the court itself. To put it another way, imposition of a sanction does not vindicate a legal right of the injured party cognizable under the Tucker Act, but rather vindicates the authority of the court itself to command respect for its rules—both from the parties presently before it and from those who will come after. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

The Supreme Court has long recognized that the grant of jurisdiction to the federal courts, albeit limited, nevertheless carries with it "[c]ertain implied powers [which] must necessarily result to our courts of justice, from the nature of their institution." *United States v. Hudson and Goodwin,* 11 U.S. (7 Cranch) 31, 34, 3 L.Ed. 259 (1812). Such inherent supervisory powers are those "necessary to the exercise of all others", *id.* at 34, and unquestionably include the "inherent power * * * to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). No less than any other federal court, the Claims Court has authority to "impose appropriate sanctions upon attorneys who misbehave". *In re Complaint of Judicial Misconduct,* 2 Cl.Ct. 255, 261 n. 9, *petition dismissed,* 707 F.2d 1583 (1983).

Moreover, the court's power to enforce its rules—with sanctions, if necessary—does not disappear merely because the brunt of abusive tactics befalls a third-party defendant who is not before the court with a monetary claim of his own. Rather, that power extends to every litigant whose right to appear here is a matter governed by the court's rules. To hold otherwise would be tantamount to saying that the court must make do with something less than full control over the conduct of proceedings before it.

Plaintiff also asserts, in passing, that its counsel did not actually sign the responses to the interrogatories in question, but only signed the objections to those interrogatories. Although the brief does not say so, the apparent implication is that only plaintiff, and not plaintiff's counsel, should be held accountable for a reasonable inquiry into the accuracy of the responses.

The rules of this court do not countenance such a bifurcation of responsibility. Rule 26(g) plainly requires that "[e]very request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by the attorney of record in his individual name". The rule goes on to state that, by his signature, the attorney certifies "to the best of his knowledge, information, and belief formed after a reasonable inquiry" that the answer given is "consistent with these rules"—a phrasing which incorporates the parallel obligation of RUSCC 11 requiring all factual representations in papers filed in the court to have been verified to the extent of a reasonable inquiry. *See also* RUSCC Appendix G, ¶ 7 (incorporating Rule 11 by reference).

## CONCLUSION

For the reasons stated, plaintiff's motion to vacate or modify the court's opinion of April 6, 1987 is DENIED.