**M.A. MORTENSON COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 815–86C, 178–87C.**

United States Claims Court.

Sept. 12, 1988.

Joseph D. West, Washington, D.C., for plaintiff. Ronald A. Schechter, of counsel.

Paula J. Barton, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

## ORDER

BRUGGINK, Judge.

■ On January 25, 1988, after a hearing on plaintiff's motion of December 10, 1987 to compel certain discovery, the court granted the motion and directed production of certain documents and additional responses to interrogatories and created a new discovery schedule. After reviewing status reports on compliance, and after a telephonic conference, the court entered an order on March 15, 1988 directing full compliance with the ordered discovery by April 6, 1988. Defendant was notified that, "[s]hould the court determine that defendant has, without adequate reason, failed to respond to outstanding discovery, the court will consider imposing appropriate financial and evidentiary discovery sanctions under RUSCC 37(b)(2). These sanctions may include an award to plaintiff of its attorney fees...." A hearing was held April 8 to evaluate compliance. For reasons set out in the order of April 19, the court found that evidentiary sanctions pursuant to RUSCC 37(b)(2) were called for, and directed plaintiff to file a statement of expenses incurred due to defendant's non-compliance with discovery orders. In its response to plaintiff's statement of fees and costs, defendant challenged only the amount of the claim. The order of June 15, 1988 awarded substantially all the fees claimed pursuant to RUSCC 37(a)(4). No costs were sought. On July 26, 1988 plaintiff filed the pending motion for entry of partial judgment. In its motion, plaintiff recites that defendant's counsel represented to plaintiff's counsel that defendant would not make payment in the absence of a partial judgment. On August 12, 1988 defendant responded to the motion by taking the position for the first time that this court lacks jurisdiction to enter such a judgment for the award of expenses under RUSCC 37(a)(4). Plaintiff has replied, and for the reasons that follow, plaintiff's motion is granted.[1]

## DISCUSSION

■ Defendant has two contentions. First, it contends that there exists no statutory or common law basis for awarding a successful moving party its expenses under Rule 37 when the defendant is the United States. Second, it argues that such an award is beyond the jurisdiction of the court. As to the first point, the Government's argument is fundamentally flawed because it is premised on the incorrect assumption that authority to award expenses under RUSCC 37 must be found in statutes or case law permitting awards of attorney fees at the conclusion of a case. For that reason, defendant's contention that recovery is not allowed under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1982),[2] is off the mark. Plaintiff does not seek fees pursuant to the EAJA. For the same reason, defendant's argument that under common law there must be a showing of bad faith to recover attorney fees is also inapposite. The Supreme Court has made it clear that Rule 37 can be a basis for recovering attorney fees independent of statutory or common law sources. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980); *see also National Lawyers Guild v. Attorney General*, 94 F.R.D. 616 (S.D.N.Y.1982); *cf. United States v. Kemper Money Market Fund, Inc.*, 781 F.2d 1268, 1278–79 (7th Cir.1986) (court denied request under Fed.R.Civ.P. 37(a)(4) on the merits).

1. Plaintiff urges that the court reject defendant's arguments as untimely raised. There is no question that the present statement of defendant's position comes five months late. It cannot be ignored on that basis, however, since the court's jurisdiction is challenged.

2. The EAJA amended section 2412 in 1980 to allow an award of reasonable fees and costs in civil actions against the United States to the "prevailing party." 28 U.S.C. § 2412(b). Defendant contends that since plaintiff has not yet prevailed on the merits, it cannot recover its fees. Defendant is correct insofar as plaintiff is not entitled to recover under section 2412. However, that fact does not preclude the award of expenses under RUSCC 37.

As Wright and Miller put it, "The great operative principle of Rule 37(a)(4) is that the loser [on the motion] pays." 8 C. Wright & A. Miller, Federal Practice And Procedure § 37.07, at 787 (1970). This result is expressly required in both the rules of this court and the Federal Rules of Civil Procedure:

If the motion [to compel] is granted, the court *shall*, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the court finds that the opposition to the motion was substantially justified....

RUSCC 37(a)(4) (Fed.R.Civ.P. 37(a)(4) is identical) (emphasis added). If one party's conduct or inaction necessitates a motion under Rule 37(a)(4), it is only appropriate that the winning party's cost and expenses be reimbursed, since they are, by their very nature, wasted expenses. They were incurred only because of the inexcusable or dilatory conduct of the other party. RUSCC 37 is thus distinct from the EAJA, which, as defendant points out, requires the plaintiff to prevail substantially on the merits. A party could theoretically succeed on a Rule 37 motion, but ultimately fail on the merits. Conversely, a party could theoretically be liable for Rule 37 expenses and yet win on the merits and recover attorney fees under the EAJA. Rule 37 serves a totally different function. It is a pretrial procedural device to ensure compliance with discovery rules. Without the sanction element of Rule 37, other discovery rules would have a hollow ring.

Defendant's primary contention is that since the United States may not be sued without its consent, and since the RUSCC, unlike the Fed.R.Civ.P., has not been adopted by Congress, defendant has not waived its immunity from this type of liability. In short, its position is that Rule 37(a)(4) applies to plaintiffs in the Claims Court, but not to the United States Government. Presumably, to be consistent defendant would have to be advancing the position that none of the expense-shifting rules apply to it. For example, the Government presumably could not be sanctioned under Rule 11 for violation of signature requirements, under Rule 16(f) for failure to abide by a pretrial order, under Rule 26(g) for abusive discovery, under Rule 30(g) for failure to attend a deposition, under Rule 37(c) for improper failure to admit, or under Rule 56(h) for making an affidavit in bad faith.

The real question posed by defendant is whether this court's rules have to be specifically adopted by Congress in order to carry any fee-shifting implications for defendant. The short answer to the question is no. The fact that Congress has not encoded the court's rules makes them no less obligatory on the parties. A rule of court, properly adopted, binds the litigants and has the full force and effect of law. *Weil v. Neary,* 278 U.S. 160, 169, 49 S.Ct. 144, 148, 73 L.Ed. 243 (1929); *Rio Grande Irrigation Co. v. Gildersleeve,* 174 U.S. 603, 608, 19 S.Ct. 761, 762, 43 L.Ed. 1103 (1899). This is the case even for rules only authorized by statute and not actually adopted by Congress, as for example local federal court rules. *Braxton v. Bi–State Develop. Agency,* 728 F.2d 1105, 1107 (8th Cir.1984). There is no question that this court was statutorily authorized to adopt Rule 37 by virtue of 28 U.S.C. § 2503(b) (1982): "The proceedings of the Claims Court shall be in accordance with such rules of practice and procedure (other than the rules of evidence) as the Claims Court may prescribe...."

It is no answer to say that a rule of court cannot enlarge or restrict jurisdiction. While that proposition is correct, *see United States v. Bink,* 74 F.Supp. 603 (D.Or.1947), the rule in question here is not a grant of additional jurisdiction. No additional jurisdiction is required. The relevant substantive grant of jurisdiction in the case at bar comes from the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982), and from the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982). The operation of these two statutes gives the court whatever jurisdiction it needs to hear the present case. Through these two provisions, the United States waived sovereign immunity in contract actions. When it directed litigants to

this court through § 1491(a)(1), Congress made available a complete judicial remedy, which included governing rules on discovery. It would be remarkable to suggest that when it did so, Congress did not fully comprehend that it exposed the United States to the power of the court to enforce its procedural rules against both public and private litigants.[3]

In *Thornton–Trump v. United States,* 12 Cl.Ct. 262 (1987), this court confronted essentially the same issue raised here. There the court sanctioned, under RUSCC 26(g), both the plaintiff and his counsel. In responding to the contention that the Tucker Act did not confer jurisdiction to award attorney fees under RUSCC 26, the court responded as follows:

> [T]his limitation on our authority has no relevance here. A motion for sanctions under Rule 26(g) is not a statutory claim for monetary damages, but a procedural motion to enforce the court's rules that may be initiated by any party to litigation properly before the court or by the court itself. To put it another way, imposition of a sanction does not vindicate a legal right of the injured party cognizable under the Tucker Act, but rather vindicates the authority of the court itself to command respect for its rules—both from the parties presently before it and from those who will come after.

*Id.* at 263.

While not direct support for the result here, it is certainly illuminating in this con-nection that Fed.R.Civ.P. 37(f) was repealed as part of the EAJA. Prior to repeal, that subparagraph provided: *"Expenses Against United States.* Except to the extent permitted by statutes, expenses and fees may not be awarded against the United States under this rule." The Report of the House Committee states that "This change reflects the belief that *the United States should be liable for fees the same as other parties* when it abuses discovery." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess., at 19 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4998 (emphasis added). This change and the corresponding legislative comment strongly militate against creating a different result under the RUSCC.

### CONCLUSION

Plaintiff's motion for entry of a partial judgment is granted. There being no further cause for delay, the clerk is directed to enter partial judgment for plaintiff in the amount of $21,982.00.[4]

It is so ORDERED.

---

**3.** Even if a court lacks jurisdiction over the subject matter of the action, it can still sanction the parties, if necessary. *See Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir.1986); *Itel Containers Int'l Corp. v. Puerto Rico Marine Management, Inc.,* 108 F.R.D. 96 (D.N.J.1985). Courts have inherent authority to assess attorney fees. *Roadway Express,* 447 U.S. at 765, 100 S.Ct. at 2463 (showing of bad faith required); *see*

*Thornton–Trump v. United States,* 12 Cl.Ct. 262 (1987); *Complaint of Judicial Misconduct,* 2 Cl.Ct. 255, 261 n. 9 (1983).

**4.** Plaintiff foreshadows in its brief a future request for additional fees with respect to this latest argument. The court would exercise its discretion to deny the request. Defendant's argument, while rejected, is not frivolous.