**M.A. MORTENSON COMPANY,**
**Plaintiff–Appellee,**

v.

**The UNITED STATES,**
**Defendant–Appellant.**

**No. 89–1107.**

United States Court of Appeals,
Federal Circuit.

June 5, 1989.

against the United States (government) under Rule 37 of the Rules of the United States Claims Court (RUSCC) for its failure to comply with that court's orders of January 25 and March 15, 1988 compelling discovery.

A. An order imposing sanctions on a party for violating an order compelling discovery is neither a final order appealable under 28 U.S.C. § 1295(a)(3) (1982) nor an appealable interlocutory order under 28 U.S.C. § 1292(c) (1982). The order is appealable, if at all, under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). Under *Cohen* "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (footnote omitted).

We will assume that the Claims Court's order imposing a monetary sanction against the government for discovery abuse meets the first two elements of the *Cohen* test. The order, however, has not been shown to be effectively unreviewable on appeal from a final judgment. As stated by Judge Posner in *Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co.*, 742 F.2d 369 (7th Cir.1984):

> [The *Cohen*] doctrine allows the immediate appeal of some orders which, while not injunctions and so not appealable under 28 U.S.C. § 1292(a)(1), have the same effect as injunctions: they inflict irreparable harm. But an order to pay money as a sanction for the abuse of discovery usually does not—and in this case did not—inflict irreparable harm on the party ... ordered to pay. If, on appeal from the final judgment in this case, Grand Trunk convinces this court that the sanction should not have been imposed, it will get its money back then. There is no argument either that the appellee, a substantial corporation, will not be good for the trifling sum of money involved, if ultimately ordered to re-

Ronald A. Schechter, Jones, Day, Reavis & Pogue, Washington, D.C., argued for plaintiff-appellee. With him on the brief were Joseph D. West and Rosemary Maxwell.

Paula J. Barton, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellant. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief was Kenneth B. MacKenzie, Office of General Counsel, Veterans Admin., Washington, D.C.

Before RICH and ARCHER, Circuit Judges, and NICHOLS, Senior Circuit Judge.

## ORDER

ARCHER, Circuit Judge.

This appeal arises from the orders and partial judgment of the United States Claims Court, *M.A. Mortenson Co. v. United States*, 15 Cl.Ct. 362 (1988), awarding attorney fees as part of the sanctions

turn it, or that the appellant, also a substantial corporation, will suffer a liquidity crisis by being deprived of this amount during the interim.

As there is nothing irreparable about the harm that the order to pay has done appellant, appeal under the *Cohen* doctrine is not permissible.

*Id.* at 370 (citations omitted). Other Courts of Appeal have similarly held that discovery sanction orders are not immediately appealable under the collateral order doctrine. *See Schaffer v. Iron Cloud, Inc.,* 865 F.2d 690, 691 (5th Cir.1989); *D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.,* 744 F.2d 1443, 1444–46 (10th Cir. 1984) (*en banc*); *Kordich v. Marine Clerks Ass'n,* 715 F.2d 1392, 1393 (9th Cir. 1983) (per curiam); *Eastern Maico Distributors, Inc. v. Maico Fahrzeugfabrik, G.m. b.H.,* 658 F.2d 944, 947 (3rd Cir.1981); *In re Underwriters at Lloyd's,* 666 F.2d 55, 58 (4th Cir.1981). *See also Bennett Box & Pallet Co., Inc. v. United States,* 218 Ct.Cl. 636 (1978) (deferring reviewability by the appellate division of the United States Court of Claims of a discovery sanction imposed by its trial division).

It has not been argued in this case that Mortenson, a substantial corporation, would be unable to repay the sanction if on later appellate review the court's order is ultimately found to be improper. Neither has the government argued that it would be harmed by parting with the money until a final judgment can be appealed. Accordingly, the immediate payment by the government cannot be characterized as rendering the sanction order effectively unreviewable.

 B. In *Jeannette Sheet Glass Corp. v. United States,* 803 F.2d 1576, 1581–82 (Fed.Cir.1986), this court adopted the view enunciated in the case of *Hooks v. Wash-*

*ington Sheraton Corp.,* 642 F.2d 614–17 (D.C.Cir.1980), that Rule 54(b)[1] "refers only to claims in the sense of the substantive right being asserted—the cause of action—rather than requests that are incidental to the procedure for obtaining a judicial award and enforcing it." The award of a discovery sanction under Rule 37 (RUSCC) is, of course, not a substantive right or cause of action in the Claims Court. Thus, the non-appealability of a discovery sanction is not changed by the fact that it is reduced to partial judgment under Rule 54(b) (RUSCC). *Mulay Plastics, Inc.,* 742 F.2d at 371 ("It also adds nothing that the judge certified his order awarding sanctions for an immediate appeal under Rule 54(b)."). *See also Seigal v. Merrick,* 619 F.2d 160, 164 n. 7 (2d Cir.1980); *Swanson v. American Consumer Indus., Inc.,* 517 F.2d 555, 560–61 (7th Cir.1975); *United States Bonding Ins. Co. v. Stein,* 410 F.2d 483, 486 n. 3 (3rd Cir.1969); *Atkins, Kroll (Guam), Ltd. v. Cabrera,* 277 F.2d 922, 924 (9th Cir.1960); 10 C. Wright & A. Miller, Federal Practice & Procedure, § 2658 at 71 (1973); 6 Moore's Federal Practice ¶ 54.31 at 973–75 (2d ed. 1976).

We, therefore, conclude that the Claims Court's order imposing a monetary sanction against the government for discovery abuse is not appealable at this time. *Coopers & Lybrand,* 437 U.S. at 463, 98 S.Ct. at 2454; *cf. Cohen,* 337 U.S. at 546–47, 69 S.Ct. at 1225–26.

Accordingly, IT IS ORDERED that the appeal is dismissed.

---

**1.** *Jeannette* dealt with Rule 54(b) of the Rules of the United States Court of International Trade, which is identical to Rule 54(b) of the Federal Rules of Civil Procedure as well as Rule 54(b) (RUSCC).