**Herbert JUDIN, Plaintiff,**

v.

**The° UNITED STATES, Defendant.**

**No. 573–89C.**

United States Court of Federal Claims.

July 18, 1994.

Judd L. Kessler, Washington, DC, for plaintiff. Edwin M. Baranowski, Columbus, OH, of counsel.

Chun–I Chiang, with whom were Asst. Atty. Gen. Frank W. Hunger and Vito J. DiPietro, Washington, DC, for defendant. John Fargo, of counsel.

---

George C. Summerfield, Washington, DC, for former third-party defendant Hewlett–Packard Co.

## OPINION

BRUGGINK, Judge.

Pending in this patent proceeding is the motion of former Third–Party Defendant Hewlett–Packard Co. ("HP") to renew its previously-filed motion for sanctions against plaintiff. Plaintiff and defendant oppose the motion, although for different reasons.[1] Oral argument is deemed unnecessary. For the following reasons, the motion to renew is denied.

This is an action by plaintiff to recover for alleged infringement by the government of his patent. HP voluntarily appeared in response to the government's motion to notice pursuant to RCFC 14(a)(1). On February 17, 1993, the court granted in part the motion for partial summary judgment advanced by the government and HP 27 Fed.Cl. 759. After plaintiff's status report of April 12, 1993, the court dismissed HP from the action on May 12, 1993. On July 14, 1993, HP filed its motion for sanctions, primarily arguing two grounds: first, that plaintiff did not properly investigate whether HP's devices infringed, and second, that the patent allegedly infringed was invalid. Shortly thereafter, the court suspended consideration of the motion for sanctions until resolution of issues remaining between plaintiff and the government. On May 20, 1994, HP filed the present motion seeking to prompt consideration of the motion for sanctions. The merits of the motion for sanctions are not directly brought in issue by the motion to renew. The debate on the motion has, however, shifted to plaintiff's arguments that the motion for sanctions was

untimely brought and that the court does not have jurisdiction to entertain it. Despite the fact that the court rejects HP's current motion, it does so for reasons unrelated to plaintiff's arguments. They are in fact incorrect.

The premise behind HP's motion is that the court will lose power to deal with the motion for sanctions if the plaintiff and the government enter into a settlement, which they are currently contemplating. As the government correctly points out, that premise is faulty. A motion for sanctions is not affected by this court's lack of jurisdiction over disputes between private parties, *see United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 770–71, 85 L.Ed. 1058 (1941), because it does not seek relief on a claim requiring an independent grant of subject matter jurisdiction. *Thornton–Trump v. United States*, 12 Cl.Ct. 262, 263 (1987). As the court explained in *Thornton–Trump*, the power to impose sanctions rests on "the authority of the court itself to command respect for its rules." *Id.* at 263.[2]

The Federal Circuit confirmed this court's power to order sanctions for violations of the court's procedural rules in *M.A. Mortenson Co. v. United States*, 996 F.2d 1177 (Fed.Cir.1993). This court has exercised that power to grant sanctions in favor of a third-party defendant against the plaintiff. *See Thornton–Trump*, 12 Cl.Ct. at 263.

The Supreme Court generally addressed the power of courts to deal with sanction requests when the principal action is no longer pending or when the court lacks subject matter jurisdiction in two recent decisions. In the first, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Court held that a

---

1. Plaintiff asserts that the court lacks jurisdiction to hear the motion for sanctions, and that the motion was untimely filed in any event. Its opposition to the motion to renew is therefore in the nature of a challenge to the underlying motion. For reasons kept to itself, defendant opposes the motion to renew. It disagrees, however, with plaintiff's analysis on jurisdiction.

2. As the court noted in *Thornton–Trump, Lemelson v. United States*, 8 Cl.Ct. 789 (1985), cited by plaintiff, is not relevant to the present circumstances. There the court held that a request by a

third-party defendant for costs and attorney fees was barred by the court's lack of jurisdiction over claims between private parties. "The prohibited monetary judgment the court speaks of in *Sun Shipbuilding* includes, in our judgment, an award of costs, expenses and attorney fees." 8 Cl.Ct. at 791 (citing *Sun Shipbuilding & Dry Dock Co. v. United States*, 204 Ct.Cl. 915, 916, 1974 WL 5642 (1974)). *Lemelson*, in short, did not concern sanctions; it was a statutory claim for money damages.

plaintiff's voluntary dismissal of a complaint does not deprive the trial court of jurisdiction to entertain a motion for sanctions under Rule 11.[3] In *Willy v. Coastal Corp.,* —— U.S. ——, 112 S.Ct. 2001, 118 L.Ed.2d 596 (1992), the Court upheld the imposition of sanctions despite the fact that the lower court erred in assuming subject matter jurisdiction. It follows that this court's power to deal with HP's sanction request would not be extinguished upon settlement.

■ Nor is the motion for sanctions untimely in view of HP's prior dismissal. The Court in *Cooter & Gell* declined to set a fixed time within which motions for sanctions must be brought, but clearly suggested that it would not be untimely to file a Rule 11 challenge to the complaint before the end of litigation. *See* 496 U.S. at 398, 110 S.Ct. at 2457.

■ It is established, therefore, that the court has power to sanction abuses before or after settlement; however, this power undercuts the basis for the motion to renew. There is no urgency to decide the issue in advance of settlement of the main claim. The court notes, moreover, that continued suspension of the motion for sanctions is appropriate. Consideration of the third party's motion for sanctions at this time would be fundamentally at odds with the current effort at settlement. First, HP wants to conclude the sanctions motion before the court accepts any dismissal based on settlement. The court is not willing to force the remaining parties to keep an action open once it is resolved, particularly because there is no need to do so, as discussed above.

Second, HP proposes to prove that the patent is invalid pursuant to 35 U.S.C. § 102(b) (1988) because the invention was already in public use. Evaluating that ground for the sanction request would necessarily involve the court in litigating the merits of the complaint, the very dispute that a settlement would eliminate as between the remaining parties. In view of the general desirability of settlement, the court declines to force the parties to litigate the merits of the complaint in the context of third party's sanction request because doing so may jeopardize voluntary resolution.

Finally, there is a potential connection between the validity of sanctions for filing the complaint and how the case is disposed of on the merits. Indeed, that was the basis for the initial suspension. That is certainly the case when the action is disposed of after trial or summary judgment, but even in the event the government settles with plaintiff, that fact inevitably becomes relevant to determining whether sanctions are appropriate. The plaintiff would no doubt contend that the court can presume that government officials would not settle unless there were some colorable argument in support of plaintiff's claim against the United States.

The motion to renew is denied.

---

3. The court stated:

> [D]istrict courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1). The district court's jurisdiction, invoked by the filing of the underlying complaint, supports consideration of both the merits of the action and the motion for Rule 11 sanctions arising from that filing. As the "violation of Rule 11 is complete when the paper is filed," a voluntary dismissal does not expunge the Rule 11 violation. In order to comply with Rule 11's requirement that a court "shall" impose sanctions "[i]f a pleading, motion, or other paper is signed in violation of this rule," a court must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of

the underlying action. In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal. It is well established that a federal court may consider collateral issues after an action is no longer pending.... [T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

496 U.S. at 395–96, 110 S.Ct. at 2455–56 (citations omitted).