77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Don APPLEGATE and 323 named Plaintiffs, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5102.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1996.
 
 Before NEWMAN, CLEVENGER and RADER, Circuit Judges.
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Don Applegate and 323 named plaintiffs appeal an order from the United States Court of Federal Claims awarding fees and costs to the Government for plaintiffs' discovery abuses. Because this order does not constitute a final order or fall within the collateral order doctrine, this court dismisses the appeal.
 
 
 2
 In December 1992, plaintiffs filed a takings action alleging that construction and maintenance of the Canaveral Harbor Project in Florida resulted in the erosion of beaches south of the harbor. The trial court initially dismissed this appeal. This court, however, reversed that order.
 
 
 3
 On January 11, 1995, the United States served nine interrogatories and two requests for production of documents on plaintiffs. The requests sought information such as when plaintiffs purchased their property, where their properties were located and the identity of the property the Government had allegedly taken. In response, plaintiffs objected to the requests alleging they were not relevant to a liability determination.
 
 
 4
 The Government filed a motion to compel. The trial court heard argument on the motion at a February 27, 1995, status conference. During the conference, the court granted the motion as to some of the requested information, and denied it as to other information. Then, the trial court ordered the Government to file a statement of expenses and required plaintiffs to file a response to an award of fees and costs for discovery abuse.
 
 
 5
 The Government filed a statement of expenses. The plaintiffs responded and asserted new objections to the original interrogatories. The trial court permitted the Government to file a reply. After reviewing the submissions, the court awarded the Government fees and costs in the amount of $1,485.75. Plaintiffs appeal from this order.
 
 DISCUSSION
 
 6
 An order imposing sanctions on a party for violating an order entered under Rule 37 of the Court of Federal Claims is neither a final order appealable under 28 U.S.C. § 1295(a)(3) (1994) nor an appealable interlocutory order under 28 U.S.C. § 1292(c) (1994). M.A. Mortenson Co. v. United States, 877 F.2d 50, 51 (Fed.Cir.1989). The order is appealable only, if at all, under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949). Cohen presents a few situations in which an order entered under Rule 37 is appealable. Id.
 
 
 7
 A party may appeal a collateral or non-final order where that order "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." Mortenson, 877 F.2d 50 at 51 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)). As in Mortenson, which also addressed Rule 37 discovery sanctions, the order in this case does not satisfy the strict requirements of the collateral order doctrine.
 
 
 8
 For example, the trial court's action may be fully reviewed upon final disposition of the case. In oral argument, appellant suggested that this sanction order is "effectively unreviewable" because the sanctioned parties are aged and may not survive the final disposition of the takings case. This argument does not explain why the estates of these parties would not fully represent any interests of deceased parties.
 
 
 9
 This court holds that the trial court's sanction, although initially entered somewhat precipitously, is not appealable at this time.
 
 
 10
 Accordingly, IT IS ORDERED that the appeal is dismissed.