**312**

RESQNET.COM, INC., Plaintiff–
Appellant,

and

Kaplan & Gilman, LLP and Jeffrey
I. Kaplan, Esq., Sanctioned
Parties–Appellants,

v.

LANSA, INC., Defendant–Appellee.

No. 05–1279.

United States Court of Appeals,
Federal Circuit.

June 9, 2005.

Before MICHEL, Chief Judge, DYK
and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Jeffrey I. Kaplan, Esq. and Kaplan &
Gilman, LLP (Kaplan) and ResQNet.com,
Inc. file a joint response to the court's
March 31, 2005 order directing them to
respond concerning whether their appeal
should be dismissed as premature. Lansa,
Inc. also responds.

ResQNet brought suit against Lansa in
the United States District Court for the
Southern District of New York for patent
infringement. *ResQNet.com, Inc. v. Lan-
sa, Inc.*, No. 01–CV–3578 RWS, 2002 WL
31002811 (S.D.N.Y. Sept. 5, 2002). Kaplan
is counsel to ResQNet. On January 26,
2005 the district court entered an order
granting in part Lansa, Inc.'s motion for

sanctions against ResQNet and Kaplan,
and ResQNet and Kaplan appealed.

There is no dispute that proceedings are
ongoing in the district court and that no
final judgment has been entered. Fur-
ther, there is a pending motion for recon-
sideration of the sanctions order. In *M.A.
Mortenson Co. v. United States*, 877 F.2d
50, 52 (Fed.Cir.1989), we determined that
an order imposing sanctions against a par-
ty is not appealable before final judgment.
In *Sanders Assoc., Inc. v. Summagraphics
Corp.*, 2 F.3d 394, 398 (Fed.Cir.1993), we
stated that "an order imposing sanctions
against an attorney is reviewable after fi-
nal judgment is entered."

ResQNet and Kaplan argue that the dis-
trict court order imposing sanctions is ap-
pealable under the collateral order doc-
trine. Pursuant to *Cohen v. Beneficial
Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct.
1221, 93 L.Ed. 1528 (1949), an order may
be appealable before final judgment if it
(1) conclusively determines the disputed
question, (2) resolves an important issue
completely separate from the merits, and
(3) will be effectively unreviewable on ap-
peal from a final judgment. ResQNet and
Kaplan argue that the district court's or-
der has put them in an untenable position.
On the one hand, the order determined
that it was unreasonable for ResQNet to
file an amended complaint alleging in-
fringement of one of the patents at issue
here. On the other hand, the district court
denied Lansa's motion for partial summary
judgment of noninfringement of that pat-
ent on the ground that genuine issues of
material fact exist. ResQNet and Kaplan
argue that the order will be effectively
unreviewable after final judgment because
they may be subject to further sanctions in
the district court if they continue to liti-
gate the patent, that ResQNet may not be
able to retain its current counsel, or that

ResQNet may be forced to abandon some of its claims.

While the court is not insensitive to ResQNet and Kaplan's dilemma, the order is not appealable at this time. As we stated in *Sanders*, ResQNet and Kaplan may obtain review of the sanctions order after final judgment. ResQNet and Kaplan have not shown that the possibility of further sanctions will impair effective appellate review after final judgment of the order imposing sanctions on ResQNet and Kaplan. Further, the Supreme Court in *Cunningham v. Hamilton County*, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) held that a discovery sanctions order imposed on an attorney was not appealable under the *Cohen* doctrine because it did not satisfy the second prong of *Cohen*, i.e., the issue was not completely separate from the merits of the case. We conclude that ResQNet and Kaplan have not satisfied this prong either. Thus, ResQNet and Kaplan's appeal is dismissed as premature.*

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

(2) Each party shall bear its own costs.

---

* We assume that the district court, having determined that ResQNet and Kaplan did not have a good faith basis in pursuing the infringement claim, will either dismiss the infringement claim so that ResQNet can pursue the issue on appeal after final judgment without risking further sanctions or assure them that continued pursuit of the infringement claim will not subject them to continuing sanctions. We note that a motion for reconsideration is pending, another sound reason why interlocutory appeal is not appropriate, and a ruling on that motion may change the circumstances of this case.