**KOLA NUT TRAVEL, INC.,
et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Alamo Travel Group, Inc.,
et al., Intervenors.**

No. 05–1027C.

United States Court of Federal Claims.

July 19, 2006.

Bryant S. Banes, Neel, Hooper & Banes, P.C., Houston, TX, for Plaintiffs.

James Poirier, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director, all of Washington, D.C., for Defendant.

Josephine L. Ursini, Law Offices of Josephine L. Ursini, Virginia Beach, VA, for Intervenors.

### OPINION AND ORDER

SMITH, Senior Judge.

The Court has before it the Defendant's Motion for a Hearing in Open Court, which asks the Court to change the August 23, 2006 telephone conference into a hearing at the courthouse. The Defendant argues that this is appropriate to allow the cross-examination of Mr. Mark Pestronk, who previously submitted an affidavit regarding the merger of Manassas Travel and N & N Travel. For the reasons set forth below, the Court **DENIES** this Motion and **DIRECTS** the Plaintiffs and Government to renew their motion to dismiss with prejudice, under RCFC 41(a)(2) if necessary. The Plaintiffs and Defendant shall file and serve their motion, including the Intervenors, on or before July 31, 2006.

### Background[1]

This bid protest involves the award of contracts to provide travel services to the Department of Defense. A portion of these contracts were to be set aside for certified small businesses. This dispute arose among numerous bidders, each alleging that the others were not, in fact, small businesses.

---

1. The facts presented here are limited to only those needed for this opinion. A full factual background can be found in *Kola Nut Travel, Inc. v. United States,* 68 Fed.Cl. 195 (2005).

In the spring and summer of this year, the United States and Plaintiffs reached a settlement of this case. As a result, they filed a stipulation for dismissal with prejudice under RCFC 41(a)(1)(ii), but failed to serve the Intervenors or get their signature on the stipulation. As the Court noted in its May 22, 2006 Order, RCFC 41(a)(1)(ii) allows voluntarily dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." The Court of Claims has determined that a plaintiff and defendant may not stipulate dismissal of a case without the intervenor's signature. *Knogo Corp. v. United States*, 228 Ct.Cl. 372, 656 F.2d 655, 656–57 (1981). This holding is, of course, binding upon this Court. *E.g. Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1353 (Fed.Cir.2006). However, *Knogo* also held that the Court can dismiss a case over the objection of an intervenor under RCFC 41(a)(2). *Knogo Corp.*, 656 F.2d at 656–57. Therefore, the Court returned the stipulation, unfiled, and ordered the Intervenors to show cause why the case should not be dismissed with prejudice, as sought by the Defendant and Plaintiffs. The Intervenors and Plaintiffs have responded.[2]

The Intervenors do not oppose dismissal, however, they raise serious allegations regarding Manassas Travel's status as a small business and eligibility to have participated in the solicitation at all. Specifically, Intervenors point to Manassas Travel's complaint in another case in the District of Utah, in which Manassas asserts that it had already begun taking over N & N prior to the date of self-certification as a small business. Given that N & N is an acknowledged large business, it would disqualify Manassas from the protested solicitation if, in fact, it had associated with N & N prior to the certification date. Therefore, Intervenors request that the Court refer this case to the Department of Justice (DOJ) for an investigation of possible fraud. In response, Plaintiffs argue that the Intervenors lack standing to challenge the settlement and submitted the Affidavit of Mr. Mark Pestronk, who assisted Manassas

in both the merger with N & N Travel and the proposal for this contract. The Defendant then moved to have Mr. Pestronk appear in open court and be subject to cross-examination.

## Discussion

The Court is somewhat puzzled by the Defendant's approach to this case. When asked if the United States would challenge the settlement, the Defendant refused to characterize its actions that way. However, it is fairly clear from the July 17, 2006 status conference that the Defendant is not defending the settlement either. The Defendant has two choices: it can challenge the settlement here (or elsewhere) on the grounds that Manassas perpetuated a fraud on this Court and the Defendant; or it can defend the settlement and seek dismissal of this case. Because the Defendant refuses to challenge the settlement, the Court does not see any grounds to continue this action.

The Plaintiffs argue that the Intervenors lack standing to challenge any aspect of the settlement agreement. Therefore, because the Government is not challenging the settlement, Plaintiffs assert that there is no justiciable challenge before the Court. The doctrine of standing, which has its roots in both Article III and prudential concerns, requires that any party seeking to bring a case before a federal court must show injury in fact, which is traceable to the alleged illegal activity, and that a favorable judgment will provide relief. *E.g., Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Intervenors respond that they have suffered injury because their tax dollars went to pay an allegedly fraudulent claim. However, such generalized harm is rarely sufficient to confer standing on a party simply because the party is a taxpayer. *Frothingham v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923) (decided with *Massachusetts v. Mellon*). There is one exception to the general lack of taxpayer standing, but it is not applicable here.[3] Given that

---

2. The Defendant has moved for, and been granted, two enlargements of time in which to respond, but has yet to respond to the Intervenors' response to the Court's show cause order.

3. The only circumstance in which the Supreme Court has found standing for taxpayers, as taxpayers, is for challenges to the expenditure of government funds to benefit religious institutions

the Intervenors are not parties to the settlement agreement, and have suffered no personal harm from it, the Court finds that they lack standing to challenge the settlement agreement.

Thus, the current posture of this case counsels against further proceedings. The Court has before it what amounts to a challenge to the size of one of the Plaintiffs as of the date it self-certified that it was a small business. In the normal course of affairs, the size determination should be made by the Small Business Administration (SBA). In this case, however, the SBA cannot address this matter because the Plaintiff was not awarded a contract. However, without a justiciable challenge to the settlement, the Court does not think it would be appropriate to *sua sponte* make a size determination. Therefore, there does not appear to be any reason to have Mr. Pestronk appear.

Finally, the Court declines the Intervenors' invitation to refer this matter to the DOJ for review. The DOJ represents the Defendant in this case and its assigned counsel is fully capable, if he sees any potential basis, of referring this matter to appropriate groups within the DOJ to investigate further. It is the executive's province to investigate improper conduct and the judiciary's to decide the legal effect of the facts brought before it. Thus, the decision whether or not to investigate is properly the DOJ's, and the Court will allow the DOJ to make it.

Therefore, the Court **DENIES** the Defendant's Motion for a Hearing in Open Court and further **DECLINES** to formally refer this case to the DOJ for further investigation.

All parties have indicated that there are no longer objections to dismissing this case. The Plaintiffs and Defendant have already sought dismissal under RCFC 41(a)(1)(ii), indicating their desire to end this litigation. The Intervenors make clear in their briefs that they do not object to this case being dismissed. *E.g.,* Intervenors' Response to Court's Request to Show Cause why the Case Should not be Dismissed with Preju-

dice, at 1 ("While Intervenors do not object to the dismissal of this case with prejudice...."); Intervenors' Reply to Plaintiffs' Opposition to Intervenors' Response to Court's Request to Show Cause why the Case Should not be Dismissed with Prejudice, at 1 ("Intervenors wish to emphasize that it is not their intention to unduly extend this action and they confirm their belief that the matter should be dismissed with prejudice."). Further, because the settlement agreement itself includes provisions allowing the Defendant to recover for any fraud, dismissing this case will do nothing to impede the Defendant from seeking redress, if it so chooses. The Court wishes to make clear, however, that it is taking no position regarding the merits of the Intervenors' allegations regarding the size of Manassas at the time of its self-certification as a small business. The Court, therefore, **DIRECTS** the Plaintiffs and Government to renew their motion to dismiss, under RCFC 41(a)(2) if necessary, which they shall serve, including service on the Intervenors, on or before July 31, 2006.

### Conclusion

For the reasons set forth above, the Court hereby:

**DENIES** the Defendant's Motion for a Hearing in Open Court;

**DECLINES** the Intervenors' request to formally refer this case to the Department of Justice for further investigation of possible fraud; and

**DIRECTS** the Plaintiffs and Defendant to renew their motion to dismiss, under RCFC 41(a)(2) if necessary. They shall file and serve, including service on the Intervenors, on or before July 31, 2006.

**It is so ORDERED.**

in violation of the First Amendment. *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).